## W. C. MITCHELL vs. N. T. DAVIES.

Submitted on briefs Oct. 4, 1892. Decided Oct. 27, 1892.

**Malicious Prosecution—Attorneys' Fees as Damages.**

In an action for malicious prosecution, in order to recover for attorney's fees in defending the malicious suit, the value of the attorney's services must be proved.

Appeal by N. T. Davies, one of the defendants, from an order of the District Court of Freeborn County, *Farmer*, J., made August 15, 1892, refusing a new trial.

The defendant N. T. Davies in December, 1890, and January, 1891, caused to be brought against the plaintiff, W. C. Mitchell, and one Conrad Hoffmann, on three different dates, three different actions before three different Justices of the Peace holding courts at a distance of nine, twelve and fifteen miles respectively, from the city of Albert Lea, where both plaintiff and defendant resided. Each of these actions was brought in the name of Fuller & Johnson, and each was based on a guaranty by "Mitchell & Hoffmann" of payment of a note. Mitchell only was served. He appeared in each case with an attorney to defend the action, but the defendants failed to prosecute, and each action was dismissed. The Mitchell sued was not the

"Mitchell" who signed the guaranty, and neither Davies nor Fuller & Johnson had any claim against him.

This action was brought by Mitchell to recover of Davies and one Smith O. Trow the sum of $140 as damages for the alleged malicious prosecution of these suits. The action was discontinued as to Trow, and was tried in July, 1892. The evidence showed, that Davies had received for collection from Fuller & Johnson of Madison, Wis., the notes upon which the guaranties of Mitchell & Hoffmann were indorsed; that he inquired of a few persons in Albert Lea, and received the information that the plaintiff, W. C. Mitchell, had been a member of the firm of Mitchell & Hoffmann; that Mitchell, hearing of the inquiries, saw Davies, and offered to pay any just claims that Davies had against him, but that Davies refused to state what his claims were; that there was malice towards Mitchell on the part of Davies. On the question of damages the testimony was that plaintiff's attorneys had "charged" him $25 in defending each of the suits. What they charged was shown, but the value of their services was not shown. The court refused defendant's request to instruct the jury that they could not allow anything for attorneys' services, the value thereof not having been proved. The plaintiff had a verdict for $60, and from an order denying his motion for a new trial, defendant Davies appealed.

*Quinn & Putnam*, and *Brooks & Hendrix*, for appellant.

*John Anderson*, for respondent.

GILFILLAN, C. J. The evidence in this case, both as to want of probable cause and as to malice in prosecuting the suits against the plaintiff, justified a recovery. And in an action for malicious prosecution the plaintiff, in case of recovery, may recover as part of his damages the necessary cost of defending the malicious suit, including the proper fees of his attorney; but, as he cannot be held to have necessarily incurred for attorneys' fees more than the services are worth, the value of them must be shown, before they can enter into the damages allowed.

In this case, although there was no evidence of their value, the court refused an instruction asked by defendant, that plaintiff could not

recover anything on account thereof, because the value was not shown. This was error, for which there must be a new trial.

Order reversed.

(Opinion published 53 N. W. Rep. 363.)