LEO FIOLA v. J. J. McDONALD.[1]

December 27, 1901.

Nos. 12,868—(200).

**Malicious Prosecution.**

In an action for malicious prosecution, *held*:

1. The question of probable cause was properly submitted to the jury, and the evidence was sufficient to support the verdict.

2. The verdict was not excessive.

Action in the district court for Itasca county to recover $1,500 for malicious prosecution. The case was tried before McClenahan, J., and a jury, which rendered a verdict in favor of plaintiff for $750. From an order denying a motion for judgment in his favor notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*C. L. Pratt* and *A. Y. Merrill*, for appellant.

*F. F. Price* and *S. F. White*, for respondent.

LEWIS, J.

Appellant caused respondent's arrest upon a criminal warrant charging him with assault in the second degree. Upon the preliminary hearing before a justice of the peace the complaint was dismissed upon motion of the prosecuting attorney. Respondent brought this action to recover damages upon the ground that the proceedings were instituted with malice and without probable cause, and the jury rendered him a verdict of $750.

The only important point raised by the appeal is whether the evidence as to want of probable cause was sufficient to warrant a submission of that issue to the jury. The record discloses that, on the night before the morning of the alleged assault, respondent and appellant had a dispute over the amount of an account; that respondent was a telegraph operator in the employ of the Eastern Minnesota Railway Company, and, together with another employee of the road, occupied a bedroom at the station; that, on the day

[1] Reported in 88 N. W. 431.

following the assault, appellant visited the county attorney, stating the circumstances thereof as follows: That appellant, after locking the outside door of his hotel, leaving the key in the door, retired to his bedroom, upstairs, locking the door and putting the key in his pocket; that about two o'clock in the morning he was struck with a piece of iron, and awakened to see respondent, who immediately jumped down stairs, dropping the iron at the foot of the stairs. Upon this statement followed respondent's arrest upon the authority of the county attorney.

Under the authority of Chapman v. Dodd, 10 Minn. 277 (350), the discharge of respondent upon the preliminary hearing before the justice of the peace was prima facie evidence of want of probable cause. No attempt was made in the defense to show that appellant had probable cause for instituting the criminal charge; merely justifying his conduct by a statement in his affidavit that he proceeded in good faith, and in the belief of respondent's guilt. Under such conditions, it was properly a question for the jury, which the court, under appropriate instructions, submitted to them, and their verdict in that respect is supported by the evidence.

The only other question raised by the assignments of error requiring any notice is the amount of the verdict. It appeared that when respondent was arrested he was taken from his work at the station to the county seat, and locked up in the county jail for two or three hours; that by reason thereof he lost his position with the railway company, and was put to considerable expense. Although it appears that he was subsequently reinstated in his position, yet, under all the circumstances the verdict was not excessive.

Order affirmed.