FERDINAND J. BLAZEK v. JAMES McCARTIN.[1]

January 8, 1909.

Nos. 15,977—(182).

**Malicious Prosecution—Want of Probable Cause.**

In an action for malicious prosecution, proof of the acquittal from the criminal charge complained of is prima facie evidence of want of probable cause. Fiola v. McDonald, 85 Minn. 147, followed.

**Same—Charge as to Cost of Defense.**

The court instructed the jury that in assessing plaintiff's damages, if they found a verdict in his favor, they might consider the fact that he had employed an attorney to defend him and had incurred other expenses in securing his acquittal. Held, that there was no error in permitting the jury to take into consideration the fact of the employment of counsel, or the fact that plaintiff had incurred expenses in defending the criminal suit, though there was no evidence of the value of the services or amount of the expenses incurred. Mitchell v. Davies, 51 Minn. 168, limited

**Same—Question for Jury.**

The evidence on the subject of want of probable cause having been conflicting, the question was properly submitted to the jury.

Action in the district court for Steele county for malicious prosecution of plaintiff in complaining without probable cause that plaintiff had committed the crime of grand larceny in the second degree by stealing 150 bushels of oats the property of defendant. The case was tried before Buckham, J., and a jury which returned a verdict in favor of plaintiff for $75. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*F. A. Dunham* and *John Moonan,* for appellant.

*J. A. & A. W. Sawyer,* for respondent.

BROWN, J.

Plaintiff was a tenant of defendant, cropping his land under the terms of a written lease or farm contract. By the terms of the con-

[1] Reported in 119 N. W. 215.

tract the parties agreed upon a division of crops raised, and defendant was given a lien upon plaintiff's share as security for all advances made by him to aid plaintiff in the performance of his part of the agreement, with the right to retain possession thereof until such advances were paid in full. Among other crops, plaintiff raised on the farm a crop of oats, which was divided as provided by the terms of the contract; the part belonging to each being placed in separate bins in a granary located on the land. Thereafter a controversy arose between the parties respecting their rights and liabilities, defendant claiming the right to hold plaintiff's share of the oats as security for certain advances he claimed to have made under the contract, and he refused plaintiff the right to remove them from the granary. Plaintiff disputed the claim, and insisted that there was nothing due defendant for which a lien upon his share of the oats existed, and he forcibly broke open the granary and took away that portion of the grain so theretofore set apart to him. Defendant then caused his arrest on the charge of larceny of the oats. Upon the return of the warrant, and a hearing before the court issuing the same, the prosecution was dismissed and plaintiff discharged. He thereafter brought this action for malicious prosecution. A verdict was returned in his favor, and defendant appealed from his alternative motion for judgment notwithstanding the verdict or a new trial.

We discover no reversible error in the record. The question whether defendant had probable cause for the prosecution of plaintiff on the charge of larceny in taking the oats which had been set apart as his share was on the evidence a question of fact. Whether defendant had reasonable cause to believe plaintiff guilty of the alleged offense depended for determination upon conflicting evidence, and we find no reason for interfering with the action of the trial court in submitting the question to the jury. Of course, if defendant had a valid lien upon plaintiff's share of the oats for advances made under the farm contract, there existed in his favor, he being in the constructive possession thereof, a special property in the oats and the charge of larceny against plaintiff for secretly taking them from the granary would be justified. At least that situation might reasonably furnish a sufficient cause for the conduct of defendant in exposing plaintiff to the charge. But

the existence of the asserted lien was disputed by plaintiff, and whether it had any merit in point of fact, or whether defendant believed in good faith that he had a special property in the oats .by reason of his alleged lien, was for the jury to determine. Chapman v. Dodd, 10 Minn. 277 (350); Fiola v. McDonald, 85 Minn. 147, 88 N. W. 431. If he had no such lien, and did not in good faith believe that he had one, probable cause for the charge of larceny did not exist, and the verdict for plaintiff was right. Defendant further claims that plaintiff's discharge from the criminal prosecution did not make a prima facie case of want of probable cause, citing Cole v. Curtis, 16 Minn. 161 (182). The case of Fiola v. McDonald, supra, does not sustain counsel's view, for we there held that an acquittal was prima facie sufficient for that purpose. The Cole case involved a different state of facts, and is not in point.

The court instructed the jury that in assessing plaintiff's damages it was proper to consider, if they found a want of probable cause and also malice in the commencement of the criminal prosecution, the actual expenses, such as counsel and witness fees, incurred in defending against the criminal charge. Of this defendant complains, on the ground that there was no evidence of the value of the attorney's services in conducting the case, citing Mitchell v. Davies, 51 Minn. 168, 53 N. W. 363. In that case the plaintiff testified that his attorney "charged" him $25 for defending the malicious suit, and this court held that the amount could not be recovered, for the reason that there was no evidence that the "charge" was reasonable. But the case is not here in point. Though there was testimony by plaintiff in the case at bar that his attorney charged him $50 for defending the prosecution, the instructions of the court did not, as was the situation in the Mitchell case, permit the jury to include the amount so charged in the damages. On the contrary, the court told them, in effect, that they might consider the fact that an attorney had been employed and that he had rendered services to defendant, expressly stating that plaintiff was not entitled to reimbursement for what he had paid the attorney, and that there was no evidence in the case of the value of the services so rendered. We are of opinion that defendant was in no way prejudiced by these instructions. His substantial rights were in no way seriously

affected in consequence thereof, the verdict was only $75, and we hold that no reversible error was committed by the court. The Mitchell case proceeds along technical lines, and should not be extended.

Nor was there any prejudicial error in the rulings of the court on the admission or the exclusion of evidence. Substantial justice seems to have been done, and the order appealed from is affirmed.