[Civ. No. 617.   Second Appellate District.—March 29, 1909.]

# H. P. LANE, as Trustee of Estate of ADDIE L. ALLEN, Bankrupt, Appellant, v. C. A. STORKE, Respondent.

ACTION FOR BREACH OF CONTRACT—CODE RULE LIMITING RECOVERY OF DAMAGES.—No action will lie for breach of contract, when the damages claimed were only such as are within the prohibition of section 3301 of the Civil Code, which provides that "no damages can be recovered which are not clearly ascertainable in both their nature and origin."

ID.—INSUFFICIENT COUNTS OF COMPLAINT AGAINST ATTORNEY—WITHDRAWAL FROM LEGAL PROCEEDINGS—DIFFERENT RESULT.—When two counts of a complaint against an attorney by the trustee of a bankrupt set forth his employment by the bankrupt in two distinct legal proceedings commenced by law, and his withdrawal therefrom, and the employment of other attorneys whose work resulted disastrously, and that the result would have been different if defendant had continued the employment, and claims resulting damages, no cause of action is stated for such damages, the same not being "clearly ascertainable in their nature and origin," and a demurrer to each of said counts was properly sustained.

ID.—ACTION TO RESCIND CONTRACT TO PURCHASE INTEREST IN PARTNERSHIP—CASH PAYMENT—NOTE—NEGLIGENCE NOT SHOWN.—When the first count of the complaint involved an action instituted to rescind a contract for the purchase of an interest in a partnership, for which $4,000 was paid in cash and a note for $2,500 was given, in which the recovery of the money and the cancellation of the note was prayed for, it shows no negligence in the attorney to plead such note, which constituted part of the purchase price, since the purchase could not be rescinded without the disposition of such note; and the fact the defendant pleaded the note by way of cross-complaint, and recovered judgment thereon, does not affect the question of negligence.

ID.—INSUFFICIENT THIRD COUNT OF COMPLAINT.—A third count of the complaint in which plaintiff sets up the same distinct proceedings alleged in the first and second counts, and simply alleges that after a retainer in each of said proceedings defendant, against the will and protest of his employer, abandoned each and both of said matters, and refused to act further therein, without disclosing wherein the employer was damaged by defendant's neglect and failure, nor that she sustained any loss by reason thereof, fails to state a cause of action, and a demurrer to the third count was properly sustained.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Ralph W. Schoonover, for Appellant.

C. A. Storke, Respondent, *in pro. per.*

SHAW, J.—The second amended complaint contains three counts, to each of which defendant interposed a demurrer. The demurrer was sustained and plaintiff electing to stand upon his complaint, the court gave judgment for defendant, from which plaintiff appeals.

The facts disclosed by the complaint and which are applicable to each count are as follows: On March 17, 1904, Addie L. Allen purchased of one A. C. Williams a half interest in a certain dairy property, at which time she and Williams entered into a full and equal partnership for the purpose of operating said dairy. The consideration for such purchase was $4,000 cash and the promissory note of Allen for $2,500, the payment of which was secured by a chattel mortgage upon said half interest so purchased, executed by said Allen to Williams. Thereafter Williams excluded Allen from any participation in the management of said dairy and appropriated the profits of the business to his own use. Defendant is an attorney at law, and on January 2, 1905, Allen sought his professional advice and counsel as to her legal rights in the premises against Williams, and at her request he agreed, in consideration of a fee paid to him by said Allen, to act as her attorney in certain matters. On December 5, 1905, Allen was by an order of the United States district court adjudged a bankrupt, and plaintiff was duly appointed sole trustee of said bankrupt's estate. On April 17, 1905, defendant, without just cause, refused to longer act as attorney for said Allen, and although so requested by her refused to give her the benefit of his legal counsel, skill and advice.

By the first count it is sought to recover a judgment against defendant for damages in the sum of $4,561.07 for a breach of contract. The right to such recovery is based upon the facts that for a sufficient consideration defendant accepted

employment as Allen's attorney and entered into a contract with her whereby he agreed to undertake the recovery from Williams of the $4,000 so paid him on account of the purchase price of the interest in said dairy; that with such end in view he did commence an action for the recovery thereof, but before the trial he notified Allen that he would no longer act as her attorney in said action and, contrary to her will and without her consent, withdrew therefrom. Allen employed other counsel, who tried the case, with the result that she not only failed to obtain judgment against Williams for the $4,000, or any other sum, but on the contrary, judgment was rendered on cross-complaint in favor of the latter and against Allen for $561.07; whereas, it is alleged that had defendant performed his part of the contract and conducted the trial of said action his thorough acquaintance with the facts thereof, coupled with his superior skill and legal ability as a trial lawyer, would not only have prevented Williams from recovering judgment against Allen for $561.07, but have secured for Allen a judgment against Williams for the sum of $4,000 and interest.

By the second count it is sought to recover a judgment for damages in the sum of $500 for a like breach of contract on the part of defendant. It is alleged that defendant agreed with Allen to act as her attorney in certain proceedings in the United States district court having for their purpose a decree and adjudication declaring the copartnership of Williams & Company and the individual members thereof bankrupts; that defendant did file a petition therein under which the firm of Williams & Company and the members thereof were declared insolvent; that as to said Williams and the said firm a rehearing in said matter was granted and at a subsequent hearing thereof, had after defendant wrongfully withdrew as attorney in said proceedings against the wishes of Allen, Williams & Company, as well as Williams, were adjudged solvent, and the property and assets of said firm delivered to Williams as the solvent member of said copartnership. Notwithstanding this judgment of the court, it is alleged that in fact said Williams and said Williams & Company were bankrupt, and that had not defendant withdrawn as attorney in said matter said rehearing would not have been granted, or, if granted, upon further hearing said firm

and the individual members thereof would have been adjudged insolvent; that had said Williams & Company been adjudged bankrupt and the firm's assets placed in the custody of said district court, Allen's estate in bankruptcy would have been enabled to recover the whole of the money so paid Williams & Company, with damages for the many wrongs done her. It is alleged that by reason of subsequent fraudulent acts of Williams as the adjudged solvent member of said firm the interest of Allen in the firm's assets and the money paid Williams were thereby lost to her estate; that in an effort to recover from Williams the money so paid him by Allen, plaintiff has been compelled to prosecute various and sundry actions at an expenditure of $500, for which sum he asks judgment against defendant.

Defendant demurred to each of these counts upon the ground that neither count set forth facts sufficient to constitute a cause of action. Section 3301, Civil Code, provides that "no damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." The damages claimed in both counts are based solely and alone upon the alleged fact that the result of the trial in the case of *Allen* v. *Williams* and the proceedings in bankruptcy against the firm of Williams & Company and Williams would have been different under the management of defendant. There are no means whereby such question can be determined. Observation teaches us the result of a trial cannot be predicted with any degree of certainty, even though conducted by lawyers possessing the marked skill and ability attributed under oath, upon information and belief, to defendant. While defendant might have obtained a judgment against Williams for the $4,000, or secured an adjudication of his insolvency, all as contended by plaintiff, still we cannot say the result might not have been even more disastrous to his client had he not withdrawn as her attorney. Judgment for a greater sum might have been obtained against her in the one case, and in the other she, too, as well as Williams and the copartnership, might have been adjudged solvent. Moreover, in view of the fact that it is not made to appear that Williams was in fact solvent, but, on the contrary, alleged that in truth he was a bankrupt, the judgment might be wholly worthless. We think, aside from other reasons which might be suggested,

the damages set out in the first and second counts of the complaint clearly fall within the provisions of said section 3301, Civil Code; hence, neither of said counts stated a cause of action, and as to both of which defendant's demurrer was properly sustained.

The action brought against Williams, as appears from the first count, had for its purpose a rescission of the transaction of purchase, the recovery of the $4,000, the surrender and cancellation of the note for $2,500, the dissolution of the existing partnership, and an accounting. Appellant contends that defendant was guilty of gross negligence in thus pleading the note and asking that it be surrendered and canceled, alleging that Williams was thereby enabled to set up the note in his cross-complaint and ask judgment thereon. We are unable to perceive how recovery of the $4,000 could be had without a rescission of the transaction wherein it was paid; hence, as the note constituted a part of the purchase price, no judgment of rescission could be complete without involving the disposition of such note.

The allegations of the first count fail to disclose any negligence on the part of defendant in so pleading said note. Indeed, counsel for appellant states: "The real gist of the action is not so much the negligence or carelessness of the defendant as it is the positive refusal upon his part to proceed at all in either of said matters."

The third count sets forth the contract of employment alleging that in consideration of certain sums of money by said Allen paid to defendant he agreed to give her the benefit of his legal knowledge, skill and advice and to act as her attorney in recovering from Williams the sum of money so paid him by Allen in the purchase of said property; that pursuant to said agreement he did, on the third day of March, 1905, commence an action in the superior court of Santa Barbara county against said Williams for the recovery of said money so paid to Williams, as well as for other relief; that in the further discharge of his duties he instituted proceedings in the United States district court having for their purpose the procuring of an order and decree adjudging Williams, Allen and the said copartnership of Williams & Company, and each of them, bankrupt; that before the hearing of said bankruptcy proceedings or trial of said action against

Williams, to wit: on April 17, 1905, he, without cause and against the will and protest of Allen, abandoned each and both of said matters and refused, and ever since has refused, to further act as her attorney or give her the benefit of his counsel and advice.

There is nothing in the count disclosing wherein Allen was damaged by reason of the defendant's neglect and failure to proceed with the bankruptcy proceedings or the trial of the case of *Allen* v. *Williams.* It is not alleged that she sustained any loss by reason thereof. It does not appear that she was compelled to, or did, employ and pay other counsel to act for her in said matters. Indeed, there is nothing in the count inconsistent with the fact that Allen might not have received from Williams the full amount which she claimed due her. She was entitled to damages "for all the detriment proximately caused" (Civ. Code, sec. 3300) by the breach of the obligation assumed by defendant. None is shown to have been caused. Hence, conceding that Allen's rights in the premises, whatever they may have been, passed by operation of law to her trustee in bankruptcy, defendant's general demurrer to the third count of the complaint was properly sustained.

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.