## MANNHEIMER BROTHERS v. THE KANSAS CASUALTY & SURETY COMPANY.[1]

July 15, 1921.

No. 22,395.

**Indemnity insurance — amount of liability — attorney's bill — court costs.**

Defendant issued its policy of indemnity insurance thereby agreeing to indemnify and protect plaintiff, within the limits therein stated, from loss on account of injuries caused to third persons from the operation of its auto-truck, and further, to defend all actions brought against plaintiff to recover for such injuries. It is *held*:

(1) That the refusal of the insurance company to conduct the defense of an action so brought does not expose it to greater liability to the insured for injuries to the persons complaining than the amount stated in the policy.

(2) The measure of liability for a breach of the contract in that respect is: 1. The amount stated as for injuries to third persons; and

[1] Reported in 184 N. W. 189.

2, all necessary costs and expenses incurred by the insured in defending the action.

(3) The insurance company is not entitled to a reduction of its liability for such cost and expense in proportion as its maximum liability bears to the amount so claimed by the injured party.

(4) The contract to defend is indivisible and extends to the whole case, regardless of the amount involved or whether it exceeds or does not exceed the liability of the insurance company.

(5) Counsel for defendant, who was employed to defend the action following the refusal of defendant to do so, at the conclusion of the litigation presented a bill for his services which plaintiff acquiesced in and paid. There being no suggestion of fraud or collusion, or basis to justify an inference of an exorbitant charge, the presentation and payment of the bill is *held* sufficient evidence of reasonable value to justify the allowance thereof as an item incurred in the defense of the action. The rule applied in Mitchell v. Davies, 51 Minn, 168, should not be extended to include a showing of that kind.

(6) The findings of the trial court that defendant repudiated its liability and refused to defend the action are sustained by the evidence.

Action in the district court for Ramsey county to recover $14,484.27. The case was tried before Dickson, J., who made findings and ordered judgment in favor of plaintiff for $7,301.92. From the judgment entered pursuant to the order for judgment both parties appealed. Affirmed on both appeals.

*C. D. & R. D. O'Brien,* for appellant.

*Dille, Hoke, Krause & Faegre* and *R. F. Merriam,* for respondent.

BROWN, C. J.

The facts in this case are not in dispute in any substantial respect. Defendant in due course issued to plaintiff its insurance policy, thereby agreeing for the consideration paid to indemnify plaintiff for any loss or injury occasioned to third persons from the operation of plaintiff's auto delivery truck in the city of St. Paul. There was subsequently a collision between the truck and an automobile in which one Hillstrom and one Hanscom were riding, resulting in serious injury to both. They thereafter brought separate suits against plaintiff, charging in their complaints as the basis of the actions that the collision was caused by the negligence of the operator of the truck, the servant and

employe of plaintiff. Though the insurance policy obligated defendant to defend these actions on behalf of plaintiff, defendant therein, the company refused to do so, on the ground that, by reason of certain facts not necessary here to repeat, it was not liable on the policy. Plaintiff then employed counsel who conducted the defense throughout the litigation. The trial of the actions resulted in a judgment for Hillstrom in the sum of $12,633.62, and for Hanscom in the sum of $2,630.73. There was an appeal in the Hillstrom case and an affirmance in this court, 146 Minn. 202, 178 N. W. 881. Plaintiff then brought an action against defendant to recover on the policy the amount paid on the Hanscom judgment, and the costs incurred in defending that action, and recovered a default judgment which was affirmed on appeal, Mannheimer Bros. v. Kansas C. & S. Co. 147 Minn. 350, 180 N. W. 229, wherein defendant's claim of nonliability was held without merit. Plaintiff paid the Hillstrom judgment, and then brought this action to recover on the policy, demanding therein the full amount of the Hillstrom judgment, and the cost and expense of defending the action through the courts, including an attorney's fee of $1,500. Defendant in effect admitted liability; it could not well do otherwise, for the question was ruled adversely to it in the Hanscom action. But defendant claimed that it was not liable for the full amount of the judgment, since the policy limited its liability to $5,000, and demanded that plaintiff's recovery be confined to that amount. Defendant also demanded that the costs incurred by plaintiff on the appeal in the Hillstrom case be apportioned between the parties in accordance with their separate interests therein.

The action was tried without a jury, at the conclusion of which the court gave judgment for plaintiff for the sum of $5,000 (the amount fixed by the policy), and all the costs incurred by plaintiff in defending the former action, including an attorney's fee of $1,500. The items of costs were $42.85, incurred in the district court, and $410.11, incurred on the appeal to this court. Judgment was entered accordingly and both parties appealed.

1. Defendant's appeal challenges the allowance of the full amount of the supreme court costs, and the sum of $1,500 as attorney's fees. The objection to the supreme court costs is that defendant's liability on the policy does not exceed $5,000, and that since the judgment in the

Hillstrom case, from which the appeal was taken, was $12,633, defendant should be charged with the costs of the appeal only to the extent and in proportion that its liability bears to the whole amount, namely, five-twelfths. In our view of the contract this contention was properly rejected by the trial court. The insurance contract obligated defendant to defend all actions brought against plaintiff, on claims for damages resulting from the operation of the insured truck, and we find no qualification limiting its obligation in that respect to the extent of its own interests in the litigation. The duty created by the contract was to conduct the whole defense, and if necessary to vindicate the rights of the insured, to prosecute an appeal to the supreme court. The undertaking is indivisible, and the failure to respond thereto also indivisible, exposing defendant to all necessary costs which plaintiff incurred in doing that which defendant had undertaken but refused to do.

2. The objections to the attorney's fee allowance are: (1) That defendant offered to perform its duty in the premises and defend the action, but its offer was rejected, thus exonerating it from further responsibility in the matter; and (2) that the record contains no evidence of the value of the services of the attorney plaintiff employed, and therefore, under the rule applied in Mitchell v. Davies, 51 Minn. 168, 53 N. W. 363, cannot be recovered. Neither objection is sustained. As to the first it need only be said that the trial court found as a fact that defendant repudiated its liability on the policy and refused to defend the action. The evidence is ample to sustain the finding, at least it is not so clearly against the evidence as to justify interference by this court. As to the second objection, it appears that, after defendant had declined to conduct the defense to the action, plaintiff employed an attorney of prominence and high standing who took charge of the litigation and conducted it with ability to a final conclusion. He subsequently presented his bill for $1,500, which plaintiff paid without question. There was no direct evidence that the services were in fact of that value. But we think, and so hold, that the fact that the charge was made and promptly acquiesced in and paid by the client, is some evidence that the amount was reasonable, and, in the absence of fraud or collusion, sufficient upon which to base a finding of reasonableness. The

case of Mitchell v. Davies, 51 Minn. 168, 53 N. W. 363, should not be extended to facts like those here presented.

3. The question presented by plaintiff's appeal is whether the extent of the liability of defendant is that named and fixed by the contract, or whether, since defendant breached the contract, repudiating liability and refusing to defend the action as required by the policy, the limitations of the contract disappear, rendering defendant liable for the full amount of plaintiff's loss. We answer the question adversely to plaintiff's contention that the liability is general and to the full amount of the Hillstrom judgment. The terms of the policy pertinent to the subject are as follows:

"The company's liability under paragraph one of the insuring agreements, on account of bodily injuries to or death of one person is limited to five thousand dollars ($5,000) and subject to the same limit for each person, the company's total liability on account of bodily injuries to or the death of more than one person as the result of one accident is limited to ten thousand dollars ($10,000).

The policy was for $10,000, with a limitation of $5,000 for injury or damage to any one person, and a total liability not greater than $10,000 to more than one person injured in the same accident. Both Hillstrom and Hanscom were injured in the one accident, and the terms of the policy quoted apply to the case. This limitation is unambiguous and free from doubt and cannot be added to without making a new contract for the parties. The question presented is controlled by the general rule that the measure of damages for the breach of a contract for the payment of money is the amount agreed to be paid with interest. The fact in this case that defendant's obligations under the contract extended beyond the payment of the amounts stated and included the promise to conduct the defense of the action, cannot be held to enlarge the limitation as to the amount fixed as reimbursement for injuries to persons. The failure to defend exposed defendant only to the additional liability for the cost and expense which plaintiff was put to by reason of defendant's breach of the contract in that respect. That breach clearly did not create any greater liability on the facts

here disclosed. The authorities cited by plaintiff are not in point. None thereof involved the precise question here presented, and our research has brought to light no adjudications sustaining plaintiff's contention. What the situation would be, for illustration, in a case where the insurer failed to take an appeal in an action which it was under obligation to defend, upon a showing that a reversal and complete exoneration of the insured would have followed, we do not consider. Such is not the case at bar. An appeal was taken by plaintiff, resulting adversely, and the only extra damages suffered in consequence of defendant's neglect was the cost thereof, which plaintiff here recovers.

It follows therefore that the liability of defendant under the terms of the contract above quoted is limited to $5,000, for each person injured, and the trial court was right in so holding. This disposes of plaintiff's further point that, since in the Hanscom case the full $5,000 was not used in paying his claim, plaintiff may claim the balance up to the full amount of the insurance of $10,000. To grant that contention would also amount to a judicial remodeling of the contract.

This disposes of the case and all points involved, and finding no error the judgment appealed from is affirmed on both appeals.