## NEW JERSEY FIDELITY & PLATE GLASS INS. CO. v. CLARK.

Circuit Court of Appeals, Ninth Circuit.
June 17, 1929.

No. 5754.

E. L. McDougal, of Portland, Or., for appellant.

Keith A. Caldwell and Ronald L. Reilly, both of Portland, Or., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This was an action on an automobile policy of liability insurance. The plaintiff in the action recovered judgment for personal injuries against the insured in a state court of Oregon for the sum of $50,570, together with $127.30 costs of suit. Execution on the judgment was returned unsatisfied, and the present action was thereupon instituted against the insurance company. The company admitted liability, so that the only question for consideration is the extent of that liability. The court below gave judgment in favor of the plaintiff for the sum of $10,000, the limit of liability fixed by the policy, together with interest on the entire amount of the judgment in the state court and all costs incurred in that court. The judgment for interest and costs was based on a provision of the policy wherein the company agreed: "To pay, irrespective of the limits of liability hereinafter mentioned, all costs taxed against the assured in any legal proceedings defended by the company pursuant to the foregoing agreement, and all interest accruing after entry of judgment in such proceedings." The company has appealed from the judgment and challenges the right of the appellee to recover either the costs incurred in the state court or any interest on the judgment of that court.

Inasmuch as a right of action is given to two different persons under somewhat different conditions, some of the provisions of the policy are not entirely free from ambiguity. The first or principal right of action is given to the insured, but no right of action accrues in his favor until he has satisfied in full the judgment recovered against him by the injured party. Upon such satisfaction he is entitled to recover from the company up to the limits fixed by the policy and all costs taxed against him in any legal proceedings defended by the company and all interest accruing after entry of judgment, irrespective of the limits of liability fixed by the policy. The right of the insured to recover the costs and interest as allowed by the court below under the terms of the policy would not seem to admit of question, because such was the express agreement of the company, and the policy in that regard is too plain to admit of construction. On the other hand, in the event of the bankruptcy or insolvency of the insured the policy gives a right of action to the injured party, but such an action cannot be maintained until a judg-

ment has been recovered against the insured and an execution returned unsatisfied. In such an action the injured party could only recover the amount fixed by the policy with legal interest from the date of demand by suit, or otherwise, unless he was entitled to claim the benefits of paragraph D of the policy, quoted above. It is urged, and not without reason, that paragraph D has no reference to an action by the injured party, but that provision was inserted in the policy because of a requirement of the laws of Oregon, and the policy and the statute must be construed together. The statute in question provides that: "Bankruptcy or insolvency of the assured shall not relieve the company of any of its obligations hereunder. If any person or his legal representatives shall obtain final judgment against the assured because of any such injuries, and execution thereon is returned unsatisfied by reason of bankruptcy, insolvency or any other cause, or if such judgment is not satisfied within thirty days after it is rendered, then such person or his legal representatives may proceed against the company to recover the amount of such judgment, either at law or in equity, but not exceeding the limit of this policy applicable thereto." General Laws of Oregon 1927, p. 263. It would seem that it was the intent and purpose of this statute to subrogate the injured party to the rights of the insured upon the contingencies named and to give the injured party all the rights which the insured would have if he had paid the judgment, or if bankruptcy or insolvency had not intervened, including the right to recover costs and interest irrespective of the limits of liability contained in the policy. As already stated, the policy in this regard is not free from ambiguity, but the language of the policy is the language of the company and must be construed most strongly against it.

The few cases cited by the parties throw little light on this question because of a difference in the facts or a difference in the contracts involved. In Cleghorn v. Ocean Accident & Guarantee Corp., 244 N. Y. 166, 155 N. E. 87, cited by the appellant, it was simply held that interest from the date of the accident to the date of the judgment could not be recovered under a policy obligating the company "to pay interest accruing upon the judgment rendered." The cases cited by the appellee generally relate to the right to recover costs, a definition of costs, or to the refusal of the courts to apportion costs. Ravenswood Hospital v. Maryland Casualty Co., 280 Ill. 103, 117 N. E. 485; Mann-

heimer Bros. v. Kansas Casualty & Surety Co., 149 Minn. 482, 184 N. W. 189.

An examination of different policies brought to this court discloses that they usually contain a provision limiting the right to recover interest to that portion of the judgment which the company has obligated itself to pay; but the policy in suit contains no such limitation, and we do not feel at liberty to insert such a limitation into the policy so as to make a new contract for the parties.

The judgment is therefore affirmed.