177 So.2d 679 (1965)
AMERICAN FIDELITY FIRE INSURANCE COMPANY, a foreign insurance company, Appellant,
v.
Andrew J. JOHNSON and William Hill, Jr., a/k/a Willie Hill, Jr., Appellees.
No. F-546.
District Court of Appeal of Florida. First District.
June 15, 1965.
Rehearing Denied August 30, 1965.
*680 Fuller & Brumer and Kenneth L. Ryskamp, Miami, for appellant.
William R. Davenport, Pensacola, for appellees.
MURPHREE, JOHN A.H., Associate Judge.
This appeal is by American Fidelity Fire and Insurance Co., from a final judgment holding it liable under a renewal of an automobile liability policy held by one Johnson. Liability was determined by the trial judge upon Johnson's motion for summary judgment and damages by trial without a jury.
Essentially there are two questions. Did the trial judge err in holding as a matter of law upon the motion for summary judgment that Clayton Insurance Agency of Pensacola was the agent of American Fidelity, the insurer, rather than the agent of Johnson, the insured, with respect to renewal of the policy of insurance? Assuming liability, did the trial judge err in awarding damages against American Fidelity in excess of the policy limits?
The undisputed facts before the trial judge when he considered the motion for summary judgment as to liability may be summarized as follows: Johnson held an automobile liability policy with American Fidelity for the period of November 9, 1962 to November 9, 1963. He obtained this policy through Clayton Insurance Agency of Pensacola, a broker in the sense that Clayton was not authorized to countersign policies for American Fidelity. Clayton dealt through Baker Insurance Agency of Tallahassee, the general agent for American Fidelity.
The arrangement between Clayton and Baker as to new insurance was that Clayton would collect the premium from the applicant, deduct its share of the commission and remit the balance to Baker; and that the application would be deemed accepted as of the date it was postmarked for delivery to *681 Baker, if accompanied by the proper premium.
The arrangement between Baker and Clayton as to renewal was that no formal application was required of the insured but merely a payment of the renewal premium and a written request for renewal; and that the application for renewal would be deemed accepted as of the date it was postmarked for delivery to Baker if accompanied by the proper premium.
Shortly before the policy expired Baker suggested to Clayton that Johnson be contacted as to renewal of said policy. Clayton did so and as the result Johnson paid to Clayton the proper renewal premium, according to the rate sheet supplied by American Fidelity, and submitted his written request for renewal. This was on October 31, 1963, or about 10 days before the policy was to expire. Through mishandling in Clayton's office, the application for renewal did not reach Baker until November 11, 1963, which was after the expiration date of the policy on November 9, 1963.
On November 17, 1963, Johnson's automobile, driven by Willie Hill, was involved in an accident in which a 13 year old boy was killed and a 10 year old boy was injured. The accident was promptly reported to Clayton who in turn notified American Fidelity. About a week later Baker returned Johnson's renewal premium advising that he was not acceptable for renewal because his driver's license had been suspended on November 12, 1963, which was several days after the renewal was to become effective in usual course.
On December 3, 1963, Johnson and Hill were sued for damages growing out of the accident. Without delay Johnson notified American Fidelity and called upon it to defend but coverage was denied.
Under the facts recited, which are not in dispute as we have indicated, the trial judge properly found that Clayton acted as the agent of American Fidelity with respect to the renewal of the policy, so the entry of summary judgment as to liability should be sustained.
We turn now to the question of whether or not the trial judge erred in rendering judgment in excess of the policy limits in favor of Johnson.
In the course of the initial litigation, an offer to settle within policy limits was made by the plaintiffs but Johnson having insufficient funds and American Fidelity having denied coverage, a judgment in the amount of $21,063.50 was entered. The offer to settle was not communicated by Johnson or his attorney to American Fidelity.
Johnson then filed suit against American Fidelity claiming unjust denial of coverage and refusal to defend, and that Johnson had been forced to employ his own counsel and had sustained a judgment in excess of the $10,000.00 policy limits, being unable financially to avail himself of the settlement offer which was made.
In his judgment against American Fidelity the trial judge said: "* * * The defendant is responsible because of its unjustifiable refusal to recognize liability under its policy of renewal insurance, which actions * * * could have been settled within the limits of the renewal policy of insurance. * * *" (Emphasis supplied.)
It is now settled in Florida that a liability insurance carrier which undertakes to defend and in bad faith refused to settle a claim within policy limits will thereby subject itself to liability for any excess which may be recovered. See our opinion in American Fire and Casualty Company v. Davis, Fla.App., 146 So.2d 615, and the authorities cited therein.
But this is not the Davis case again and we find no Florida decision on all fours with the factual situation before us. There is, however, considerable other authority which supports the ruling of the trial judge in awarding judgment against American *682 Fidelity for the full amount of the judgment entered against Johnson, the insured.
In Appleman on Insurance, Vol. 7A, Page 489, Sec. 4689, appears this statement:
"A refusal by an insurer to defend renders it liable for any damages sustained as a direct result of the breach of contract.
"Thus an insurer which failed to defend an action against the insured was held to be liable for the judgment thus obtained, unless it established that the terms of the policy had been breached."
Also see 7 Am.Jur.2d, Automobile Insurance, Sec. 167 and authorities cited.
And there is an extensive annotation in 49 A.L.R.2d beginning on page 694 on the topic: "Liability Insurer  Refusal to Defend." Under Section 10 of this annotation beginning on page 718 the editor says "* * * it appears to be well settled that if an insurer unjustifiably fails to defend an action against the insured on the ground that the claim upon which the action against the insured was based is outside the coverage of the policy, and the insured thereupon undertakes the defense of the action, the insurer is liable for the amount of the judgment obtained in such action against the insured or of the settlement made by the latter." Cited in support of this statement are decisions from numerous State and Federal Courts.
Under Section 11 of the Annotation referred to, the editor, however, makes this statement: "The obligation of the insurer to pay the amount of the judgment or settlement is not unlimited." Cited in support thereof is the case of Mannheimer Brothers v. Kansas Casualty & Surety Co. (1921), 149 Minn. 482, 184 N.W. 189.
American Fidelity seems to rely heavily upon Mannheimer. In that case the insured had a $5,000.00 automobile liability policy and the insurer wrongfully refused to defend an action against the insured. The insured employed counsel to defend and a verdict was rendered against him for $12,000.00. The insured then sued the insurer for the full amount of the verdict. In rejecting the full claim the Minnesota court in speaking of the policy limitation as to coverage provided by the policy said:
"This limitation is unambiguous and free from doubt and cannot be added to without making a new contract for the parties. The question presented is controlled by the general rule that the measure of damages for the breach of a contract for the payment of money is the amount agreed to be paid with interest. The fact in this case that defendant's obligations under the contract extended beyond the payment of the amounts stated and included the promise to conduct the defense of the action cannot be held to enlarge the limitation as to the amount fixed as reimbursement for injuries to persons. The failure to defend exposed defendant only to the additional liability for the cost and expense which plaintiff was put to by reason of defendant's breach of the contract in that respect. That breach clearly did not create any greater liability on the facts here disclosed." (Emphasis supplied.)
The facts in Mannheimer disclose that there was no question of settlement involved.
American Fidelity cites as one of the leading cases in the country supporting its position, Communale v. Traders and General Insurance Company, 50 Cal.2d 654, 328 P.2d 198, 68 A.L.R.2d 883.
In Communale the court made an important distinction between the refusal to defend and the refusal to settle within policy limits. The Court said:
"There is an important difference between the liability of an insurer who performs its obligations and that of an *683 insurer who breaches its contract. The policy limits restrict only the amount the insurer may have to pay in the performance of the contract as compensation to a third person for personal injuries caused by the insured; they do not restrict the damages recoverable by the insured for a breach of contract by the insurer.
"The decisive factor in fixing the extent of Traders' liability is not the refusal to defend; it is the refusal to accept an offer of settlement within the policy limits. Where there is no opportunity to compromise the claim and the only wrongful act of the insurer is the refusal to defend, the liability of the insurer is ordinarily limited to the amount of the policy plus attorneys' fees and costs. Mannheimer Bros. v. Kansas Casualty & Surety Co., 149 Minn. 482, 184 N.W. 189, 191. In such a case it is reasoned that, if the insured has employed competent counsel to represent him, there is no ground for concluding that the judgment would have been for a lesser sum had the defense been conducted by insurer's counsel, and therefore it cannot be said that the detriment suffered by the insured as the result of a judgment in excess of the policy limits was proximately caused by the insurer's refusal to defend. Cf. Lane v. Storke, 10 Cal. App. 347, 350, 101 P. 937. This reasoning, however, does not apply where the insurer wrongfully refuses to accept a reasonable settlement within the policy limits." (Emphasis supplied.)
American Fidelity stresses in its brief that it was not notified of the settlement offer, that it was not shown that Johnson's attorney did not properly defend the claim, or that the judgment would have been any smaller had American Fidelity furnished counsel to defend. All this is true but we fail to see how this will exculpate American Fidelity from the dilemma in which it finds itself because of its unjust denial of coverage and refusal to defend under the renewal policy. American Fidelity's obvious failure to examine and appraise the facts concerning the agency of Clayton, its failure to investigate and appraise the probability and the extent of Johnson's liability, its failure to explore settlement possibilities and to consider the advisability of settlement where Johnson was being sued for the wrongful death of one youth and injury to another, was tantamount to bad faith in the performance of its contractual obligations to the insured. Surely Johnson should not be penalized for failure to do the idle act of notifying American Fidelity of the settlement offer after it had renounced the contract and washed its hands of the whole affair.
Had American Fidelity chosen to defend and shown the same indifference to its responsibilities to the insured it could not maintain that it would not be guilty of such bad faith regarding the settlement offer as would cause it to be liable for the excessive judgment which was entered. Having chosen to step aside, American Fidelity cannot now receive the benefit of any different course it might have pursued had it taken command of the litigation.
Under the facts of this case the better part of wisdom should have dictated to American Fidelity the resolution of the question of its liability to the insured under the claimed renewal of the policy by the simple expedient of a declaratory judgment proceeding, at the inception of the litigation.
The judgment of the trial court is affirmed.
STURGIS, C.J., and WIGGINTON, J., concur.