**Minervino A. ROJAS, Sr. and Maria P. Rojas, Plaintiffs-Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellees.**

**No. 73–3535.**

United States Court of Appeals, Ninth Circuit.

June 9, 1975.

86

Nathaniel J. Friedman, Los Angeles, Cal. (argued), for plaintiffs-appellants.

James R. Hammerton, Santa Ana, Cal. (argued), for defendants-appellees.

## OPINION

Before WRIGHT and GOODWIN, Circuit Judges, and EAST, Senior District Judge.[*]

EAST, Senior District Judge:

In this diversity case regarding the duty of an insurance company to timely settle the claims of its policy-holders, the Rojases appeal the judgment of the District Court in favor of the defendant State Farm based upon jury verdicts. We affirm.

Rojas was the holder of a State Farm auto insurance policy insuring him and members of his family, among other coverages, against loss caused by collision with uninsured motor vehicles, with policy limits of $15,000/$30,000. In April, 1970, the Rojases were involved in a highway accident while traveling in Florida, resulting in serious injury to some and death to other members of the family. The Rojases claim that the accident was caused by a collision with the vehicle of a hit-and-run motorist whose identity was never established.

State Farm denied liability under the policy on the ground that there was no actual contact between the vehicles, an express condition of the uninsured motorist coverage.

The Rojases offered to settle their claims for $30,000 (the policy limit) less benefits paid if paid on or before February 11, 1971. State Farm rejected the offer of settlement, maintaining its position of non-liability under the policy, and also declined to participate in voluntary arbitration.

The Rojases invoked California's statutory arbitration proceedings, which resulted in an award of the policy limits less medical and funeral expenses previously paid by State Farm. California state courts enforced the arbitrator's award, and on October 19, 1971, State Farm satisfied the state court judgment.

This case was instituted in the District Court on October 20 following, alleging five causes of action. It was eventually tried to a jury on only one of the five on a theory of alleged negligence and wilful, malicious and bad faith refusal on the part of State Farm to accept the Rojases' offer to settle their claims, causing them great emotional and mental distress with resulting damage. The jury returned general verdicts for State Farm.

The Rojases assert six assignments of error; only the first concerning jury instructions on the bad faith issue merits extended discussion.

*Assignment of Error 1:*

■ The Rojases contend that the District Court erred in refusing to instruct the jury as follows:

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

"In determining whether an insurer has given consideration to the interests of the insured, the test is whether a prudent insurer without policy limits would have accepted the settlement offer."

This instruction was taken verbatim from *Crisci v. Security Insurance Company of New Haven, Conn.*, 66 Cal.2d 425, 58 Cal.Rptr. 13, 16, 426 P.2d 173, 176 (1967) (en banc). *Crisci* involved a third party claimant's offer to settle a claim against Security's insured, Crisci, within policy limits. Security refused to accept the settlement offer, and the claimant received a judgment in excess of policy limits against Crisci. The instant case differs from *Crisci*, of course, in that the settlement offer was made by the insured rather than by a third party.

The above quoted language from *Crisci* was referred to and repeated *In re Bongfeldt*, 22 Cal.App.3d 465, 99 Cal. Rptr. 428 (1971) (dictum), tending to lend some support to the Rojases' position. *Bongfeldt* involved civil contempt proceedings arising from an uninsured motorist claim brought against Allstate Insurance Company. A Claims evaluator witness refused to give an opinion answer concerning the "evaluation of a wrongful death claim under the . . uninsured motorist provisions . . . ." and the California Court of Appeals applied the *Crisci* language, contained in the requested instruction, to Allstate's duty to exercise good faith and consider the reasonableness of the amount of the settlement offer from its policyholder. We distinguish *Bongfeldt* from the case at bar because the reasonableness of the amount of the settlement offer is not at issue. State Farm's claim of a lack of actual contact between the vehicles, a condition of the insurer's liability, is the only asserted grounds for refusing the settlement offer. This distinction is emphasized by the language of the hypothetical question placed to the witness: ". . . assuming a wrongful death claim under the uninsured motorist provisions of the Allstate policy wherein there is no question about coverage—

that the coverage applies . . . . And assuming that *there is clear liability . . . . assuming everything regarding coverage and liability was without question . . . and there is liability* and it is just a question of damages . . ." (Emphasis supplied.)

Furthermore, subsequent to *Bongfeldt*, the California Supreme Court in *Gruenberg v. Aetna Insurance Company et al.*, 9 Cal.3d 556, 108 Cal.Rptr. 480, 510 P.2d 1032 (1973) (en banc), further considered an insurer's obligation regarding settlement offers from its policyholders. *Gruenberg* involved a suit by an insured to recover for alleged bad faith by insurance companies in their denial to pay under fire insurance policies. Defining the insurance companies' duty to consider insured's offer of settlement, the court at 485 of 108 Cal.Rptr., at 1037 of 510 P.2d stated:

"[In *Comunale v. Traders & General Ins. Co.*, 50 Cal.2d 654, 328 P.2d 198 (1958), and *Crisci*] we considered the duty of the insurer to act in good faith and fairly in handling the claims of third persons against the insured, described as a 'duty to accept reasonable settlements'; in the case before us we consider the duty of an insurer to act in good faith and fairly in handling the claim of an insured, namely a duty not to withhold unreasonably payments due under a policy. These are merely two different aspects of the same duty. That responsibility is not the requirement mandated by the terms of the policy itself—to defend, settle, or pay. It is the obligation, deemed to be imposed by the law, under which the insurer must act fairly and in good faith in discharging its contractual responsibilities. Where in so doing, it fails to deal *fairly and in good faith* with its insured by refusing, without proper cause, to compensate its insured for a loss covered by the policy, such conduct may give rise to a cause of action in tort for breach of an implied covenant of good faith and fair dealing."

In *Gruenberg,* the court had occasion to but did not extend the stricter third party "prudent insurer without policy limits" standard to settlement offers made by policyholders. *Crisci,* in discussion of *Comunale,* goes to length to reveal the rationale of *Comunale* in holding the insurer to a duty to consider and weigh the risk to its policyholders from an excess judgment, as well as to its own monetary interests, as a result of its failure to accept an offer of settlement within policy limits extended by a third party claimant. In both *Crisci* and *Comunale,* the third party claims were substantial with reasonable probability of a recovery in excess of the policy limits. We are satisfied that *Gruenberg* appropriately did not apply the *Crisci* third party claim "prudent insurer without policy limits" standard to the insurer's "duty not to withhold unreasonably payments due under a policy" when dealing directly with the insured because of the complete absence of any risk to the insured of an excess judgment. We believe that the California Supreme Court, if presented today with the issues of policy liability and good faith duty as framed here, would apply the *Gruenberg* "[fair dealing] and good faith" standard, and not the "prudent insurer without policy limits" standard employed in the *Bongfeldt* dictum, as the standard controlling State Farm's duties when considering whether to accept or reject the offer of settlement extended by its policyholders.

The Rojases saved no exceptions to the District Court instructions as given. We have examined and considered those instructions as a whole under our view of the law as stated and we are satisfied that the District Court correctly instructed the jury on State Farm's fair dealing and good faith duties to the Rojases.

## Assignment of Error 2:

■ The premise of this assignment to the effect that the evidence was without substantial dispute is erroneous. Rojas overlooks the fact that at no time did State Farm refuse the settlement offer on the grounds that the amount was excessive. State Farm rejected the offer on the sole ground of a lack of liability on the insured risk of injury by an uninsured motorist; *i. e.,* the condition of actual contact with another car was absent.

The facts concerning the issue of an alleged contact with another car were in conflict and a material issue of fact in dispute was properly submitted to the jury for resolution.

The assignment is without merit.

## Assignment of Error 3:

■ The proposed amendment to the pretrial order was a belated attempt to introduce a new, distinct cause of action. The Rojases failed to show reasonable necessity for the presence of the cause of action in the adjudication. The District Court did not abuse its discretion in denying the amendment.

## Assignment of Error 4:

■ We are satisfied that the factual picture presented in the hypothetical questions to the expert witness was within the common knowledge of men of ordinary education; the jury could draw conclusions from the evidence as intelligently as could the expert. The objection to the questioning was properly sustained.

## Assignment of Error 5:

■ During his case in chief, the Rojases' counsel read portions of a deposition concerning his clients' distressed financial condition following the accident to the jury. This was material to the issue of alleged mental suffering. Defense counsel was permitted, in rebuttal, to read other portions of the deposition pertaining to monetary benefits available to the Rojases. The evidence was relevant to the issue of mental suffering allegedly arising from the refusal to settle. The District Court did not err in admitting the evidence.

*Assignment of Error 6:*

■ We are satisfied that the District Court did not err in failing to grant the Rojases' motion for summary judgment on their first cause of action for breach of contract; furthermore, this cause was abandoned during trial.

The judgment of the District Court is affirmed.

Affirmed.

EUGENE A. WRIGHT, Circuit Judge (concurring specially):

I concur but rather on the basis that the jury instruction offered by the plaintiffs-appellants was inappropriate to the factual situation presented to the trial court. And the appellants saved no exceptions to the district court's instructions as given.