Patricia C. BIANCO, Plaintiff,

v.

H.F. AHMANSON & COMPANY; Home Savings of America; Home Savings and Loan Association; and Does 1 through 10, inclusive, Defendants.

No. CV 95–1353 ABC (RNBx).

United States District Court,
C.D. California.

Aug. 14, 1995.

Arias & Ozello, P.C., Mark A. Ozzello, Vincent F. Bennett, Los Angeles, CA, for plaintiff.

Manatt, Phelps & Phillips, James Patrick Mulkeen, Wendy Marshall Hughes, Los Angeles, CA, for defendants.

ORDER RE: Defendants' Motion for Summary Adjudication on the First, Second, and Fourth Causes of Action

COLLINS, District Judge.

Defendants' Motion for Summary Adjudication on the First, Second, and Fourth Causes of Action came on regularly for hearing before this Court on August 14, 1995. After reviewing the materials submitted by the parties, argument of counsel, and the case file, it is hereby ORDERED that Defendants' Motion for Summary Adjudication on the First, Second, and Fourth Causes of Action is GRANTED.

## I. Background

### A. Procedure

On August 15, 1994, Plaintiff PATRICIA C. BIANCO filed a Complaint in Los Angeles Superior Court against Defendants H.F. AHMANSON & CO. and HOME SAVINGS OF AMERICA, F.S.B.[1] alleging wrongful termination and contractual breach of the

---

1. Erroneously sued as HOME SAVINGS OF AMERICA, and HOME SAVINGS AND LOAN ASSOCIATION.

implied covenant of good faith and fair dealing. On December 5, 1994, Defendants responded to the Complaint with a Demurrer. On December 21, 1994, the Los Angeles Superior Court granted Defendants' Demurrer with leave to amend. Subsequently, on February 6, 1995, Plaintiff filed a First Amended Complaint ("FAC") alleging the following claims: 1) breach of implied in fact employment contract, 2) breach of written employment contract, 3) wrongful termination based on violation of public policy, and 4) contractual breach of the implied covenant of good faith and fair dealing.

On March 3, 1995, Defendants removed this action to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441. On April 26, 1995, the Court denied Plaintiff's motion to remand.

On July 24, 1995, Defendants filed the instant motion for summary adjudication on the first, second, and fourth causes of action. On August 1, 1995, Plaintiff filed an opposition to Defendants' motion, and on August 7, 1995, Defendants filed a reply to Plaintiff's opposition.

## B. Facts

The following facts are undisputed. Defendant Home Savings of America, F.S.B. ("Home Savings") is a federally chartered financial institution. Plaintiff began employment with Home Savings on or about November 1, 1978. Thereafter, she continued her employment with Home Savings for approximately fifteen years. On January 5, 1994, Defendants terminated Plaintiff's employment with Home Savings. Plaintiff contends that Defendants' 1991–92 and 1993–94 employee handbooks created a written employment contract between Plaintiff and Defendants. Plaintiff also contends that Defendants' 1991–92 and 1993–94 employee handbooks and Defendants' conduct created an implied employment contract between Plaintiff and Defendants.

Defendants' 1991–92 and 1993–94 employee handbooks state, on the first page, in the Preface section, as follows:

> The language used in this Handbook is not intended to constitute or create, nor is it to be construed to constitute or create, the terms of an employment contract between the Company and/or its affiliates and any of its employees. Also, nothing contained in this Handbook should be construed as a guarantee of continued employment; but rather, employment with H.F. Ahmanson & Company is on an at will basis. This means that the employment relationship may be terminated at any time by either the employee or by Ahmanson for any reason not expressly prohibited by law.

(Ex. A, at 1, and Ex. B, at 1, attached to Wurtzel Decl.) Furthermore, Defendants' 1991–92 and 1993–94 employee handbooks state, in the General Human Resources Philosophy section, as follows:

> The policy of H.F. Ahmanson & Company and its affiliates prohibits entering into employment contracts unless they are in writing and approved by the Board of Directors. Accordingly, an employee's employment and compensation can be terminated with or without cause and with or without notice at any time, at the option of either the employee or the Company and/or its affiliates.

(Ex. A, at 5–6, and Ex. B, at 5, attached to Wurtzel Decl.) Finally, Defendants' 1991–92 and 1993–94 employee handbooks state, in the section entitled "Employee Relations and Communications: Leaving the Company," as follows:

> At will policy: The Company reserves the right to summarily dismiss any employee, whether exempt or nonexempt, at any time without notice and without cause, just as the employee may voluntarily terminate his or her employment at any time, for any reason.

(Ex. A, at 49, and Ex. B, at 43, attached to Wurtzel Decl.)

On July 15, 1991, Plaintiff executed an acknowledgment and receipt of Defendants' 1991–92 employee handbook. Beginning as early as 1985, Defendants adopted employee handbooks which contained the same at-will language that appears in the 1991–92 and 1993–94 handbooks. (Ex. C, at 2–6, attached to Wurtzel Decl.) In 1985 and again in 1986, Plaintiff acknowledged, in writing, receipt of

the 1985 handbook. (Exs. E, F, attached to Wurtzel Decl.)

## II. Discussion

### A. Summary Judgment Standard

It is the burden of the party who moves for summary judgment to establish that there is "no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 951 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). If the moving party has the burden of proof at trial (the plaintiff on a claim for relief, or the defendant on an affirmative defense), the moving party must make a showing sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party. *Calderone v. United States,* 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact,* 99 F.R.D. 465, 487–88 (1984)). This means that, if the moving party has the burden of proof at trial, that party must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in that party's favor. *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986). Furthermore, the court must view the evidence presented to establish these elements "through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

If the opponent has the burden of proof at trial, then the moving party has no burden to negate the opponent's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In other words, the moving party does not have the burden to produce *any* evidence showing the absence of a genuine issue of material fact. *Id.* at 325, 106 S.Ct. at 2554. "Instead, ... the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.*

Once the moving party satisfies this initial burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings ... [T]he adverse party's response ... *must set forth specific facts* showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e) (emphasis added). A "genuine issue" of material fact exists only when the nonmoving party makes a sufficient showing to establish an essential element to that party's case, and on which that party would bear the burden of proof at trial. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a reasonable jury could reasonably find for plaintiff." *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512. The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 248, 106 S.Ct. at 2510; *Griffeth v. Utah Power & Light Co.,* 226 F.2d 661, 669 (9th Cir.1955).

### B. Analysis

Defendants move for summary adjudication on the first, second, and fourth causes of action for breach of the implied in fact employment contract, breach of written employment contract, and contractual breach of the implied covenant of good faith and fair dealing. Defendants contend that summary adjudication in their favor is warranted on these causes of action for two reasons: 1) the first, second, and fourth causes of action are preempted under federal law, and 2) the evidence does not support a verdict for Plaintiff on these causes of action. Plaintiff argues that Defendants' motion is premature, and, as well, fails on the merits. The Court first addresses whether Defendants' motion is premature, then analyzes Defendants' preemption argument, and then discusses the sufficiency of the evidence produced by Plaintiff in support of the first, second, and fourth causes of action.

#### 1. *Timing of Defendants' Motion*

Plaintiff contends that Defendants' motion for summary adjudication is premature because "there has been very little op-

portunity for Plaintiff to adequately and properly conduct the necessary discovery for purposes of developing her claims." (Pl.'s Opp'n Summ.Adjudication Mot. at 4:22–24.) Federal Rule of Civil Procedure 56(f) provides that if a party opposing summary judgment demonstrates inability "for reasons stated [to] present by affidavit facts essential to justify the party's opposition," the court may deny the motion for summary judgment or continue the hearing to allow additional discovery, or "make such other order as is just." Fed.R.Civ.P. 56(f). The party seeking the continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact. *Continental Maritime of San Francisco, Inc. v. Pacific Coast Metal Trades Dist. Council, Metal Trades Dept., AFL–CIO,* 817 F.2d 1391, 1395 (9th Cir.1987); *Hall v. State of Hawaii,* 791 F.2d 759, 761 (9th Cir.1986).

■ Plaintiff, however, has made no formal Rule 56(f) motion. "References in memoranda ... to a need for discovery do not qualify as motions under Rule 56(f)." *Brae Transp. Inc. v. Coopers & Lybrand,* 790 F.2d 1439, 1443 (9th Cir.1986). Therefore, no motion for continuance pursuant to Rule 56(f) is before the Court.

■ Moreover, Rule 56(f) requires affidavits setting forth the particular facts expected from the discovery. *Id.* Plaintiff has not submitted such an affidavit. Additionally, Plaintiff has not shown how allowing additional discovery would preclude summary judgment. *See Qualls v. Blue Cross of California, Inc.,* 22 F.3d 839, 844 (9th Cir.1994).

Finally, Plaintiff cannot complain because she failed to pursue discovery diligently before summary judgment. *See Brae Transp. Inc.,* 790 F.2d at 1443; *accord Qualls,* 22 F.3d at 844 (not an abuse of discretion to refuse to permit further discovery before ruling on summary judgment motion when party failed to diligently pursue its previous discovery opportunities). Plaintiff filed her Complaint in Los Angeles Superior Court on August 15, 1994, almost one year ago, and it has been over three months since the Court denied Plaintiff's motion to remand on April 26, 1995.

Consequently, the Court is unpersuaded that Defendants' motion for summary adjudication is premature.

### 2. *Preemption*

■ Defendants argue that Plaintiff's first, second, and fourth causes of action are preempted by federal law, specifically, 12 C.F.R. § 563.39(a). 12 C.F.R. § 563.39(a) provides, in pertinent part, as follows:

(a) .... A savings association may enter into an employment contract with its ... employees only in accordance with the requirements of this section. All employment contracts shall be in writing and shall be approved specifically by an association's board of directors.

12 C.F.R. § 563.39(a) (1995). It is undisputed that Home Savings is a federally chartered financial institution, and therefore, is a "savings association" as that term is used in 12 C.F.R. § 563.39(a).

■ Under the Supremacy Clause of the United States Constitution, where state law actually conflicts with federal law, federal law preempts and nullifies state law. *Fidelity Federal Savings & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 152–53, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982). Federal regulations preempt state law equally with federal statutes. *Id.* California common law which allows for the creation of an implied in fact employment contract through conduct of the parties conflicts with the federal regulation requiring that all employment contracts between a savings association and its employees be in writing and approved specifically by an association's board of directors. Accordingly, said California common law is preempted.

■ Furthermore, the Ninth Circuit's decision in *Aronson v. Resolution Trust Corp.,* 38 F.3d 1110 (9th Cir.1994) is dispositive of Defendants' motion. In *Aronson,* the plaintiff claimed that he and Columbia Savings and Loan Association ("Columbia") entered into an oral agreement whereby Columbia agreed to pay the plaintiff a salary of $175,-000 per year and retirement benefits. *Id.* at 1112. The Ninth Circuit held that because the plaintiff's oral contract with Columbia

"was neither in writing nor approved by Columbia's board of directors," the plaintiff's oral agreement was not enforceable. *Id.* at 1113. Here, Plaintiff has produced no evidence, nor does she even allege in her Complaint, that her employment contract was approved by Home Savings' board of directors. Furthermore, as explained *infra*, Plaintiff has produced insufficient evidence of any written employment contract. Therefore, pursuant to the holding in *Aronson*, Plaintiff's alleged employment contract is unenforceable.

Accordingly, because Plaintiff's alleged employment contract is unenforceable, summary adjudication for Defendants must be granted on the first, second, and fourth causes of action.

### 3. *Sufficiency of the Evidence*

In addition to their preemption argument, Defendants contend that the evidence demonstrates that Plaintiff's employment with Home Savings was at will, and therefore, Plaintiff cannot prevail on the first, second, and fourth causes of action. The Court discusses Defendants' contention as to each cause of action, discussing initially the second cause of action, then the first, and then the fourth.

#### a. *Second Cause of Action: Breach of Written Employment Contract*

Plaintiff alleges that "Plaintiff and Defendants entered into a written contract of employment which, by its implied terms, could not be terminated except upon good cause," and that Defendants breached this written agreement when they terminated Plaintiff's employment with Home Savings. (FAC ¶¶ 16, 19.) Plaintiff's assertion is based exclusively upon an excerpt from Defendant's 1991–92 employee handbook. That excerpt states as follows:

Involuntary termination: An employee may be terminated immediately without advance notice for misconduct, which includes, but is not limited to: drunkenness; use, sale, or possession of illegal drugs or alcohol on Company property; dishonesty; insubordination or willful failure to discharge duties; harassment of fellow employees; violation of conflict of interest

policy; fighting or assault; theft; possession of unauthorized weapons or firearms (loaded or unloaded) on Company premises; or conviction of a criminal offense.

(FAC ¶ 16; Ex. B, at 44, attached to Wurtzel Decl.) This excerpt is contained in a section of the 1991–92 employee handbook titled "Employee Relations and Communications: Leaving the Company." The first paragraph in that section states as follows:

At will policy: The Company reserves the right to summarily dismiss any employee, whether exempt or nonexempt, at any time without notice and without cause, just as the employee may voluntarily terminate his or her employment at any time, for any reason. Inasmuch as the employment relationship is at will and may be terminated by either party at any time, the Company reserves the right to terminate employees with neither advance notice or pay in lieu of notice.

(Ex. B, at 43, attached to Wurtzel Decl.)

These two excerpts from the employee handbook are not contradictory. Rather, one excerpt clearly explains that Defendants reserved the right to terminate Plaintiff's employment at any time without cause, and the other excerpt simply provides examples of certain conduct for which an employee may be terminated. Thus, when construed as a whole, Defendants' 1991–92 employee handbook neither states or implies that Defendants could not terminate Plaintiff's employment except for good cause.

More fundamentally, Defendants' 1991–92 employee handbook is not a written contract. Defendants' 1991–92 employee handbook states, on the first page, in the Preface section, as follows:

The language used in this Handbook is not intended to constitute or create, nor is it to be construed to constitute or create, the terms of an employment contract between the Company and/or its affiliates and any of its employees.

(Ex. B, at 1, attached to Wurtzel Decl.) "It is the most fundamental principle of contract law that there can be no legally enforceable obligation without a promise, a commitment

to future behavior." *Kern v. Levolor Lorentzen, Inc.*, 899 F.2d 772, 784 (9th Cir.1990) (Kozinski, J. dissenting). An employee handbook which states on its face that it "is not intended to constitute or create, nor is it to be construed to constitute or create, the terms of an employment contract" cannot be a promise or a commitment to future behavior.

Plaintiff has presented no other evidence of a written employment contract. Therefore, the Court concludes that Defendants' motion for summary adjudication on the second cause of action must be granted.

### b. *First Cause of Action: Breach of the Implied in Fact Employment Contract*

In the Complaint, Plaintiff alleges that "Plaintiff and Defendants entered into an implied in fact contract of employment which, by its terms, could not be terminated except upon good cause", and that Defendants breached this implied in fact contract when they terminated Plaintiff's employment with Home Savings. (FAC. ¶¶ 11, 13.) Plaintiff alleges further that "[t]he implied term not to be terminated except for good cause arose from Plaintiff's longevity of service, her constant promotions and praise for her work by Defendants, the constant pay raises and bonuses, and Defendants' express personnel practices and policies indicating its obligation to deal fairly and in good faith with Plaintiff and not terminate her upon any reason other than for good cause." (FAC ¶ 11.) In response to Defendants' instant motion for summary judgment, Plaintiff has produced scant evidence of an implied in fact employment contract.

■ First, as evidence of "Defendants' express personnel practices and policies indicating its obligation to deal fairly and in good faith with Plaintiff and not terminate her upon any reason other than for good cause," Plaintiff relies upon the language in Defendants 1991–92 employee handbook which states:

Involuntary termination: An employee may be terminated immediately without advance notice for misconduct, which includes, but is not limited to: drunkenness; use, sale, or possession of illegal drugs or alcohol on Company property; dishonesty; insubordination or willful failure to discharge duties; harassment of fellow employees; violation of conflict of interest policy; fighting or assault; theft; possession of unauthorized weapons or firearms (loaded or unloaded) on Company premises; or conviction of a criminal offense.

(FAC ¶ 16; Ex. B, at 44, attached to Wurtzel Decl.) However, as explained *supra,* this language cannot be evidence of a promise or commitment sufficient to create a legally enforceable obligation when the employee handbook states on its face that it "is not intended to constitute or create, nor is it to be construed to constitute or create, the terms of an employment contract." Therefore, Defendants' 1991–92 employee handbook is not evidence of an implied in fact employment contract.

■ Furthermore, Defendants' 1991–93 and 1993–94 employee handbooks, as well as their 1985 employee handbook, expressly state that the employment relationship is at will and may be terminated by either party at any time, without cause. (Ex. A, at 1, 5–6, 49, and Ex. B, at 1, 5, 43, and Ex. C, at 2–6, attached to Wurtzel Decl.) Moreover, Plaintiff executed written documents in 1985, 1986, and 1991, in which she acknowledged that she had received, read, and understood Defendants' employee handbook. (Exs. D, E, F, attached to Wurtzel Decl.) The Court acknowledges that two California Courts of Appeal have found that, where the employment relationship has not been reduced to an integrated written agreement, language in an employee handbook that there is an at will employment relationship does not establish the nature of the relationship as a matter of law. *Walker v. Blue Cross of California*, 4 Cal.App.4th 985, 993, 6 Cal.Rptr.2d 184 (1992); *Wilkerson v. Wells Fargo Bank*, 212 Cal.App.3d 1217, 1227, 261 Cal.Rptr. 185 (1989). Nevertheless, the "at will employment" language in Defendants' employee handbooks, coupled with Plaintiff's written acknowledgement that she read and understood that language, is strong evidence that the parties did not intend to enter into any agreement that Plaintiff's employment was terminable only for good cause.

■ Section 2922 of the California Labor Code provides that "[a]n employment, having no specified term, may be terminated at the will of either party on notice to the other." Cal.Labor Code § 2922 (West 1989). Thus, under California law, employment is presumed to be at will unless the parties have an agreement specifying the length of employment or grounds for termination. *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 677, 254 Cal.Rptr. 211, 765 P.2d 373 (1988). However, "[t]he absence of an express written or oral contract term concerning termination of employment does not necessarily indicate that the employment is actually intended by the parties to be 'at will,' because the presumption of at-will employment may be overcome by evidence of contrary intent." *Id.*

In the instant case, no express written employment contract exists. Furthermore, one party to the alleged contract has gone to great lengths to communicate its intent, in writing, that no implied in fact employment contract exists and that the employment relationship is one of at will employment. Moreover, Defendants have produced evidence that Plaintiff acknowledged, on several occasions, in writing, that she received and read this communication of intent, and that she understood it. The only relevant evidence that Plaintiff presents to rebut the presumption of at will employment and to refute her written acknowledgement that she understood Defendants' intent that her employment was at will is her declaration that 1) she worked continuously at Home Savings for approximately fifteen years, 2) she received numerous job promotions and pay increases, and 3) she consistently received high employee performance ratings. (Bianco Decl. ¶¶ 2–5.)

■ On a motion for summary adjudication, the Court must view the evidence "through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which a reasonable jury could reasonably find for plaintiff." *Id.*

While the Court believes, as it must, Plaintiff's evidence, and draws all inferences in her favor, Plaintiff's evidence simply does not establish, by a preponderance of the evidence, that Defendants promised, or made any commitment, not to terminate Plaintiff's employment except upon good cause. Absent such a promise or commitment, no legally enforceable agreement exists. *See Gianaculas v. Trans World Airlines, Inc.*, 761 F.2d 1391, 1394 (9th Cir.1985) (no manifestation of implied agreement that employee was terminable only for good cause where employee completed employment application expressly stating that employment was terminable at will). Accordingly, Defendants are entitled to summary adjudication in their favor on the first cause of action.

### c. *Fourth Cause of Action: Breach of the Implied Covenant of Good Faith and Fair Dealing*

■ In the Complaint, Plaintiff alleges that Defendants, in terminating Plaintiff's employment without just cause, breached the covenant of good faith and fair dealing "implied by law in the employment relationship between Plaintiff and Defendants." (FAC ¶ 28.) As explained *supra*, Plaintiff has failed to produce evidence sufficient to establish that Plaintiff and Defendants entered into an employment contract. Consequently, Plaintiff has failed to produce evidence sufficient to demonstrate that Defendants did anything to injure Plaintiff's right to receive the benefits of the contract. *See Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 684, 254 Cal.Rptr. 211, 765 P.2d 373 (1988) (quoting *Comunale v. Traders & General Ins. Co.*, 50 Cal.2d 654, 658, 328 P.2d 198 (1958)). Accordingly, Defendants are entitled to summary judgment on the fourth cause of action.

### III.  Conclusion

For all the reasons stated above, the Court GRANTS Defendants' Motion for Summary Adjudication on the First, Second, and Fourth Causes of Action.

**SO ORDERED.**