UKULELE SEUMALO, Plaintiff

v.

AMERICAN INTERNATIONAL UNDERWRITERS, Defendant

High Court of American Samoa
Trial Division

CA No. 038-85

July 23, 1985

Before GARDNER, Chief Justice.

Counsel:  For the Plaintiff, William Reardon
          For the Defendant, Roy J.D. Hall, Jr.

On June 1, 1983 Plaintiff had a public liability insuranc
policy with Defendant. This policy had a $10,000 limitation. O
that date Plaintiff had an accident with Nicholas Leoso in whic
Leoso suffered substantial bodily injuries.

Plaintiff contends he reported the matter to Defendan
immediately. However, this testimony is suspect since hi
written accident report to Defendant was dated September 12, 198
which was shortly after Defendant had been alerted to this clai
by a letter from Leoso's attorney dated September 8, 1983 we fin
that Plaintiff did not report this matter promptly. His hand
aren't entirely clean.

On September 12, 1983 Defendant responded to the Leos
letter with a request for police and medical reports. Counse
responded promptly, Samoan time, (six months later) with a polic
report, medical consent and an offer to negotiate.

Then, on March 27, 1984 Leoso's counsel offered to settl
for the policy limits--$10,000--the offer to be good for 30 days
On March 28, 1985 Defendant acknowledged the demand an
apparently forwarded the file to the head office in Sydney. B
letter of April 3, 1984 (delivered April 23, 1984 --- speed
postal service, Samoan style) the claims manager gave Defendan
"the policy limit with which to negotiate" but in view o
Defendant's "tough negotiating practices" he expected settlemen

72

at a substantially reduced figure." On April 19, 1984 Leoso's counsel extended the time to settle for the policy limits 21 days. There was no response. On May 23, 1984 Leoso filed suit. The trial court gave judgment for $12,000 in October 1984, the appellate court double this award. Plaintiff now owes $15,000 on the judgment.

Every insurance contract contains an implied covenant or good faith and fair dealing. Communale v. Traders and General Insurance Co., 50 Cal. 2d 654, 328 P.2d 198. This includes a duty to effect reasonable settlement of a claim against the insured within its policy limits when there is a substantial likelihood of recovery in excess of those limits. Upon breach of that duty by the insurer, the insured has a right of action against the insurer for damages proximately caused thereby. Northwestern Mut. Ins. Co. v. Farmers Ins. Co., 76 Cal. App. 3d 103. 143 Cal. Rptr. 415 (Gardner, P.J., concurring).

Here, once counsel got into the case Plaintiff was advised of his right to secure counsel and at trial (Oct. 1984.) and offer was made to settle for the full policy limit. This came a little late. Almost six months earlier the time to accept the offer had run out.

The local manager of Defendant company had evaluated the case as a policy limit case. So had the claims manager at the home office. With clear liability and serious injuries there was a substantial likelihood of recovery in excess of the $10,000 limit. Of course Defendant wanted to bargain but it could not do so at plaintiff's expense. It knew it was on the hook for $10,000 (which eventually went for $25,000) so it lost nothing by stalling. It did and it cost Plaintiff $15,000. This, Defendant could have avoided by settling. They took a chance and lost.

Defendant's story that it tried unsuccessfully to contact Plaintiff falls a little flat. All they had to do was pick up the telephone. He is listed. He has been in business for several years.

Plaintiff did not receive the fair treatment his Insurance Company owed him. However, the facts of this case afford no basis for an award of damages for emotional distress nor of punitive damages.

Judgment is for $15,000 plus interest.