**NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK); et al., Plaintiffs—Appellees,**

v.

**TIG INSURANCE COMPANY (erroneously sued herein as Transamerica Insurance Company), Defendant—Appellant.**

No. 04–16071.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2006.

Decided May 4, 2006.

John A. Farrell, Esq., Hildebrand McLeod & Nelson, Ralph A. Lombardi, Esq., Lori A. Sebransky, Esq., Lombardi Loper & Conant LLP, Oakland, CA, for Plaintiffs–Appellees.

John R. Brydon, Esq., Brydon Hugo & Parker, Peter G. Thompson, Esq., San Francisco, CA, Thompson, Loss & Judge LLP, Washington, DC, for Defendant–Appellant.

Before: BERZON, RAWLINSON, and CALLAHAN, Circuit Judges.

MEMORANDUM *

This case involves a challenge to the district court's determination that TIG Insurance Company (TIG) is liable in tort for a judgment in excess of its policy limit because it breached the covenant of good faith and fair dealings by failing to accept a reasonable settlement offer within the policy limit.[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the

This court reviews the district court's grant of summary judgment de novo. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004); *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). A district court's interpretation of state substantive law also is reviewed de novo. *Reese v. Travelers Ins. Co.*, 129 F.3d 1056, 1059–60 (9th Cir.1997).

TIG argues that traditional insurance law—with its duty to settle and concomitant tort liability for failure to settle a third party claim—should not apply here because of the operation of a reimbursement provision contained in the California Public Utilities Commission's endorsement (the PUC Endorsement) to the insurance policy. TIG contends that the PUC Endorsement's reimbursement provision (1) forms a surety obligation to which tort liability does not attach, and (2) frees TIG from the settlement obligations present in third party insurance cases. TIG also argues that even if it is subject to extracontractual liability, the imposition of liability here should not be based on the traditional third party duty to settle doctrine. Because we find none of TIG's arguments persuasive, we affirm the district court's judgment.

■ TIG's first argument-that the PUC Endorsement created a surety obligation and not a liability agreement-cannot be squared with *Samson v. Transamerica Ins. Co.*, 30 Cal.3d 220, 178 Cal.Rptr. 343, 636 P.2d 32 (1981), and *Transamerica Ins. Co. v. Tab Transportation, Inc.*, 12 Cal.4th 389, 48 Cal.Rptr.2d 159, 906 P.2d 1341 (1995). *Samson* held that the terms of the PUC Endorsement were incorporated into the insurance contract. 178 Cal.Rptr. 343, 636 P.2d at 39. In *Tab*, the California Supreme Court, applying *Samson*, held that the PUC Endorsement's notice provision converted the policy in question here from a one-year term policy to a policy that was to remain in effect "until canceled." 48 Cal.Rptr.2d 159, 906 P.2d at 1347. Accordingly, the terms of the PUC Endorsement were incorporated into the insurance policy which resulted in full policy coverage, notwithstanding the reimbursement provision. *Id.* TIG's obligation was not merely to pay any judgment under the PUC Endorsement subject to reimbursement, it was to provide full coverage under the terms of the contract. *Id.*

*Samson* did not address the specific argument advanced by TIG-that the reimbursement provision changed TIG's obligation to the insured. However, we still conclude that *Samson* is controlling here. The California Supreme Court was clearly aware of the reimbursement clause when it decided *Samson* because it cited the clause verbatim in that case. 178 Cal.Rptr. 343, 636 P.2d at 36 n. 2. Moreover, based on *Samson* and *Tab*'s holdings that the PUC Endorsement triggered full policy coverage, the reimbursement provision ultimately had no effect on the duty to settle, which stemmed from the policy itself.

Contrary to TIG's assertion, we also conclude that *Cates Constr., Inc. v. Talbot Partners*, 21 Cal.4th 28, 86 Cal.Rptr.2d 855, 980 P.2d 407 (1999), does not implicate *Samson* in any meaningful way. *Cates* recognized the well-established rule that tort liability for breach of the covenant of good faith and fair dealing is limited to cases involving insurance policies. *Id.* at 416. Not surprisingly, the California Supreme Court declined to extend such liability to the breach of a construction performance bond. *Id.* at 416–27. *Cates* does not weaken the *Samson* holdings that (1) the PUC Endorsement provisions are incorporated into an insurance contract and

undisputed facts, we do not repeat them here.

(2) the insurer faces tort liability if it fails to accept a reasonable third party settlement. 178 Cal.Rptr. 343, 636 P.2d at 39, 44.

TIG next argues that the conventional liability insurer's settlement obligation found in *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal.2d 654, 328 P.2d 198, 200 (1958) (holding that the implied covenant of good faith and fair dealing imposes a duty on the insurer to settle a claim against its insured, and that failure to accept a reasonable settlement will expose the insurer to any excess judgment), and *Johansen v. California State Auto. Ass'n Inter-Ins. Bureau*, 15 Cal.3d 9, 123 Cal. Rptr. 288, 538 P.2d 744, 751 (1979) (same), has no logical application in this case. We disagree. The obligation to settle is not established through any express contractual provision contained in the insurance policy; rather, it comes into play through the covenant of good faith and fair dealing, which is implied in every contract. *Javorek v. Superior Ct.*, 17 Cal.3d 629, 131 Cal.Rptr. 768, 552 P.2d 728, 739 (1976); *Comunale*, 328 P.2d at 200–01 (Cal.1958). Under *Tab*, the policy here unquestionably was in effect. Since *Samson* imposed on an insurer the duty to settle with the concomitant tort liability if the insurer loses a coverage challenge, even when the policy is in effect solely due to a provision contained in the PUC Endorsement, TIG was obligated by this duty.

Finally, bound by *Samson*, 178 Cal.Rptr. 343, 636 P.2d at 44, we also reject TIG's argument that the third party bad faith failure to settle doctrine should not apply here.

The district court's judgment is AFFIRMED.[2]

**2.** Because we conclude that this case is controlled by *Samson* and *Tab,* we also deny

RAWLINSON, Circuit Judge, concurring.

I concur in the result.

TIG's motion to certify the issues presented in this appeal to the California Supreme Court.
* The Honorable Robert E. Cowen, Senior Unit-