GOULD, Circuit Judge,
Dissenting
The full panel agrees that there are genuine and material fact issues whether Progressive complied with its duty to notify Ms. Ingram of the settlement offer made by Plaintiffs. The crux of the majority’s decision to affirm is its conclusion that “no reasonable jury could find Progressive’s assumed breach caused any damage to Ms. Ingram.” This mistaken conclusion is understandable because nearly a month after Ms. Ingram arguably learned of the offer, she made statements, indicating a disinclination to accept the offer. But those statements came only after the offer expired. The majority’s premise rests on an inference that with timely notice, she would have had the same attitude later expressed. It is incorrect to give the insurer inferences rather the non-moving party.
California law requires that an insurer “take into account the interest of the insured and give it at least as much consideration as it does to its own interest” when evaluating settlement offers. Comunale v. Traders & General Ins. Co., 50 Cal.2d 654, 328 P.2d 198, 201 (1958) (In Bank). This is particularly important when a conflict of interest arises, where “an offer to settle an excess claim is made within policy limits.” Merritt v. Reserve Ins. Co., 34 Cal.App.3d 858, 110 Cal.Rptr. 511, 523-24 (1973). Communication of the settlement offer to the insured allows the insured to take steps to alleviate that conflict of interest, as the majority recognizes. See Martin v. Hartford Accident and Indem. Co., 228 Cal.App.2d 178, 39 Cal.Rptr. 342, 346 (1964) (“[A]n insured who is kept informed may have further information to give to the carrier; he may use powers of persuasion upon the carrier to increase its offer; he may engage counsel; he may have other courses of action open to him.”). To give a few examples: Ms. Ingram might have added some of her own money to sweeten the pot to get rid of all claims. Or Ms. Ingram might have tried to persuade Ms. Jarrett, the passenger and other claimant, to drop her claims earliér in the course of events. Or Ms. Ingram might have told Progressive to accept the offer settling claims of the Blankenbakers, the passengers in the other car, while she would take her chances defending against *583 any remaining claim of Ms. Jarrett. The majority concludes that Progressive’s failure to inform Ms. Ingram of the settlement offer is of no matter because she would not have taken any such step. But that conclusion ignores the timeline of negotiations between Progressive and the Blankenbakers, assuming that what Ms. Ingram said after the offer had expired would have been her position if the offer had been timely communicated to her.
The record shows that Progressive rejected the Blankenbakers’ settlement offer on May 13, nine days before anything in the record suggests that Ms. Ingram had even arguable knowledge of such an offer. The rejection of an offer terminates that offer, see, e.g., Beverly Way Associates v. Barham, 226 Cal.App.3d 49, 276 Cal.Rptr. 240, 244 (1990). It is true that settlement negotiations continued through May 28th, when the Blankenbakers rejected Progressive’s proposed counter-offer. But the majority’s conclusion that “nothing in the record” indicated Ms. Ingram was interested in the Blankenbakers’ offer or was “willing to ‘add to the pot’ ” rests on a conversation from nearly three weeks later, on June 19th. The Blankenbakers’ original offer had expired before Ms. Ingram told Progressive that they should not settle and that she was unafraid of litigation. Whatever Ms. Ingram had done at that point, there were no options to mitigate the conflict of interest between her and Progressive.’
One of our prior precedents is instructive. In Anguiano v. Allstate, we reversed summary judgment for an insurer, where the insurer belatedly tried to accept an expired settlement offer, and belatedly told its insured of that settlement offer. 209 F.3d 1167, 1169-70 (9th Cir.2000). After a settlement offer expired, we reasoned “it was too late for the [insureds] to exercise any influence over Allstate’s decision to reject the settlement offers.” Id. at 1170. Following Anguiano, I would reverse the district court.
I respectfully dissent.