NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ONEWEST BANK, FSB, a Federal Savings Bank, <br><br>              Plaintiff-Appellant, <br><br>   v. <br><br> HOUSTON CASUALTY COMPANY, a Texas corporation, <br><br>              Defendant-Appellee. | No. 15-55579 <br><br> D.C. No. 2:14-cv-00547-BRO-JCG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted January 9, 2017**
Pasadena, California

Before: TALLMAN and FRIEDLAND, Circuit Judges, and FABER,*** District Judge.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable David A. Faber, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

This case is here for our adjudication based on our diversity jurisdiction. The case involves contract and tort principles under California law. OneWest Bank, FSB ("OneWest") appeals the district court's grant of summary judgment in favor of Houston Casualty Company ("Houston"). OneWest commenced this insurance coverage action alleging breach of contract and breach of the implied covenant of good faith and fair dealing. These claims arise from Houston's denial of coverage for a settlement agreement that was executed without Houston's prior knowledge or consent. We have jurisdiction to decide this appeal under 28 U.S.C. § 1291. Because the district court correctly applied California law in granting Houston's motion for summary judgment, we will not disturb the district court's conclusions.

## FACTUAL HISTORY

OneWest's parent company, IMB HoldCo LLC, and Houston first negotiated the professional liability insurance policy in 2009. They later executed a renewal to provide coverage for the period beginning March 19, 2012 and concluding May 15, 2013. The policy establishes a $10 million ceiling on liability and includes a $2.5 million self-insured retention provision. Notably, Section 8 of the policy states, in relevant part:

> The Insureds shall not admit or assume any liability, enter into any settlement agreement, stipulate to any judgment, or incur any Defense Costs without the prior written consent of the Insurer. Only those settlements, stipulated

2

> judgments and Defense Costs which have been consented to by the Insurer shall be recoverable as Loss under the terms of this policy.

On August 9, 2012, Assured Guaranty Municipal Corporation ("Assured") sued OneWest for its alleged failure as a loan servicer to mitigate or avoid losses on mortgage loans for which Assured guaranteed the principal and interest payments. After engaging in extensive settlement negotiations, OneWest and Assured agreed to a settlement. This agreement was memorialized in a settlement term sheet, which OneWest and Assured executed.

However, OneWest did not seek or obtain Houston's written consent prior to executing the term sheet. After executing the term sheet, OneWest informed Houston of its settlement negotiations in the underlying lawsuit and sought coverage under the policy. Houston denied coverage based on OneWest's breach of Section 8 of the policy. OneWest sued Houston in state court and, following removal, the district court granted Houston's motion for summary judgment on all of OneWest's claims.

## STANDARD OF REVIEW

We review a district court's grant of summary judgment de novo and determine whether, viewing the evidence in the light most favorable to the non-movant, there are any genuine issues of material fact and whether the district court correctly applied relevant substantive law. *See Olsen v. Idaho State Bd. of Med.*,

363 F.3d 916, 922 (9th Cir. 2004). "To survive a motion for summary judgment, plaintiffs must produce sufficient evidence to establish the existence of every essential element of their case on which they will bear the burden of proof at trial." *River City Mkts., Inc. v. Flemings Foods W., Inc*., 960 F.2d 1458, 1462 (9th Cir. 1992). "The district court's grant of summary judgment may be affirmed if it is supported by any ground in the record, whether or not the district court relied upon that ground." *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).

## DISCUSSION

### A. Breach of Contract Claim

A prior written consent provision is enforceable in California "in the absence of economic necessity, insurer breach, or other extraordinary circumstances." *Low v. Golden Eagle Ins. Co.*, 2 Cal. Rptr. 3d 761, 770–71 (Ct. App. 2003) (quoting *Jamestown Builders, Inc. v. Gen. Star Indem. 15 Co.*, 91 Cal. Rptr. 2d 514, 516 (Ct. App. 1999). This is a *sine qua non* condition to the insured's receiving indemnification under its policy. "[I]nsureds cannot unilaterally settle a claim before the establishment of the claim against them and the insurer's refusal to defend in a lawsuit to establish liability." *Jamestown Builders*, 91 Cal. Rptr. 2d at 517. California courts "construe policy language according to the mutual intentions of the parties and its 'plain and ordinary' meaning." *AIU Ins. Co. v. Superior Court*, 799 P.2d 1253, 1259 (Cal. 1990).

4

The mutual intention of the parties "is to be inferred, if possible, solely from the written provisions of the contract." *Id.* at 1264. "[I]f the meaning a lay person would ascribe to contract language is not ambiguous, we apply that meaning." *Id.*

Here, Section 8 of the policy prohibits OneWest from "admit[ing] or assum[ing] *any* liability," or "enter[ing] into *any* settlement agreement" without Houston's prior written consent. (emphasis added). This language is unambiguous. The settlement term sheet demonstrates OneWest and Assured's mutual intent to fulfill all of the material terms of their negotiated settlement agreement.

The term sheet provided all the relevant terms of a settlement agreement. We thus conclude that, under California law, OneWest and Assured intended to enter into a final and binding settlement agreement when they executed the term sheet. Consequently, the district court correctly applied California law to conclude that OneWest breached Section 8 of the insurance policy by failing to request or obtain Houston's written consent before executing the term sheet with Assured. As such, Houston has no coverage obligation for OneWest's settlement with Assured unless an exception to Section 8's prior written consent provision applies. The district court properly concluded that no such exception applies.

**B. Breach of the Implied Covenant of Good Faith and Fair Dealing Claim**

Every contract implies a covenant of good faith and fair dealing. *See*

*Comunale v. Traders & Gen. Ins. Co.*, 328 P.2d 198, 200 (Cal. 1958). To prevail

against an insurer for breach of the implied covenant, an insured must demonstrate

that (1) the insurer withheld benefits *due under the policy*; and (2) the insurer's

reason for denying benefits was "unreasonable or without proper cause." *Love v.*

*Fire Ins. Exch.*, 271 Cal. Rptr. 246, 255 (Ct. App. 1990). Because OneWest cannot

establish that Houston has withheld benefits due under the policy, its implied-

covenant claim must fail as a matter of law. Thus, OneWest's remaining claims

for declaratory relief and punitive damages fail as a matter of law.

OneWest shall bear all costs of appeal. *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**