NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMY J. MCDANIEL, Individually and as Assignee of the Estate of Edward Murotani, Decedent, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> GOVERNMENT EMPLOYEES INSURANCE COMPANY, <br><br> Defendant-Appellant. | No.  14-17203 <br><br> D.C. No. 1:12-cv-02028-AWI-JLT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted December 12, 2016
San Francisco, California

Before:  O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Defendant-Appellant Government Employees Insurance Company (GEICO)

appeals the judgement entered following the district court's grant of Plaintiff-

Appellee Amy J. McDaniel's motion for summary judgment and denial of

----

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

GEICO's cross-motion for summary judgment on McDaniel's breach of the implied duty to settle third party lawsuits (implied duty to settle) claim. We review both grants and denials of summary judgment de novo. *United States v. Washington*, 827 F.3d 836, 849 (9th Cir. 2016).

McDaniel is the assignee of an implied duty to settle claim against GEICO. McDaniel alleges that in her underlying wrongful death suit against GEICO's insured Edward Murotani, GEICO unreasonably refused to accept a $100,000 policy limits settlement offer extended by McDaniel. As a result, the wrongful death suit went to trial, and a California state jury awarded McDaniel over $3 million in judgment against Murotani.

"In each policy of liability insurance, California law implies a covenant of good faith and fair dealing. This implied covenant obligates the insurance company, among other things, to make reasonable efforts to settle a third party's lawsuit against the insured." *PPG Indus., Inc. v. Transamerica Ins. Co.*, 20 Cal. 4th 310, 312 (1999). Thus, "[w]hen there is great risk of a recovery beyond the policy limits so that the most reasonable manner of disposing of the claim is a settlement which can be made within those limits, a consideration in good faith of the insured's interest requires the insurer to settle the claim." *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal. 2d 654, 659 (1958). The implied duty to settle therefore

2

imposes upon the insurer "an obligation to accept a reasonable offer of settlement." *PPG Indus.*, 20 Cal. 4th at 314–15. "An unreasonable refusal to settle may subject the insurer to liability for the entire amount of the judgment rendered against the insured, including any portion in excess of the policy limits." *Hamilton v. Md. Cas. Co.*, 27 Cal. 4th 718, 725 (2002). The insured may assign this cause of action to the third party that obtains a judgment against him. *Id*. at 732.

A breach of the implied duty to settle claim has two elements. *Graciano v. Mercury Gen. Corp.*, 231 Cal. App. 4th 414, 425–26 (2014). First, the third party must have "made a reasonable offer to settle the claims against the insured for an amount within the policy limits." *Id.* at 425. Second, the insurer must have "unreasonably failed to accept an otherwise reasonable offer within the time specified by the third party for acceptance." *Id.* at 426. Only the second element is at issue in this appeal.

**1.** The district court erroneously concluded that an insurer's negligence is sufficient to breach the implied duty to settle. An insurer breaches the covenant of good faith and fair dealing only when it acts in bad faith, which is defined as "*unreasonable*" conduct. *Brandt v. Superior Court*, 37 Cal. 3d 813, 819 (1985) (quoting *Austero v. Wash. Nat'l Ins. Co.*, 132 Cal. App. 3d 408, 422 (1982) (Morris, P.J., dissenting)). The critical inquiry for these causes of action is thus the "reasonableness of the insurer's conduct under the facts of the particular case."

3

*Wilson v. 21st Century Ins. Co.*, 42 Cal. 4th 713, 723 (2007).  While an insurer's conduct need not rise to the level "of actual dishonesty, fraud, or concealment" to constitute bad faith, *Crisci v. Sec. Ins. Co. of New Haven, Conn.*, 66 Cal. 2d 425, 430 (1967), an insurer's conduct must nevertheless be "prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act." *Wilson,* 42 Cal. 4th at 726 (quoting *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 346 (2001)).  California courts have recognized that this principle applies in the specific context of implied duty to settle claims.  In *Palmer v. Fin. Indem. Co.*, 215 Cal. App. 2d 419, 428 (1963), the California Court of Appeal held that "[implied duty to settle] liability is predicated on bad faith, and not upon negligence."  Subsequent California Court of Appeal decisions reaffirm that an insurer's negligence is insufficient to breach the implied duty to settle.  *See, e.g., Graciano*, 231 Cal. App. 4th at 425 ("[M]ere errors by an insurer in discharging its obligations to its insured does not necessarily make the insurer liable in tort for violating the covenant of good faith and fair dealing; to be liable in tort, the insurer's conduct must also have been unreasonable." (internal quotation marks and emphasis omitted) (quoting *Brandt*, 37 Cal. 3d at 819)); *Walbrook Ins. Co. v. Liberty Mut. Ins. Co.*, 5 Cal. App. 4th 1445, 1460 (1992) (noting that an insurer's "informed rejection [of a settlement offer] is not required to be an infallible one" and "so long as insurers are not subject to a strict liability

4

standard, there is still room for an honest, innocent mistake"). The continued vitality of this rule is further confirmed by McDaniel's inability to identify a single case in which liability was imposed on an insurer who unintentionally failed to accept a settlement offer.[1]

**2.** GEICO is entitled to summary judgment because no reasonable jury could conclude that GEICO unreasonably refused to settle. "[O]rdinarily whether the insurer has acted unreasonably, and hence in bad faith, in rejecting a settlement offer is a question of fact to be determined by the jury." *Walbrook*, 5 Cal. App. 4th at 1454 (internal quotation marks and alteration omitted) (quoting *Cain v. State Farm Mut. Auto. Ins. Co.*, 47 Cal. App. 3d 783, 792 (1975)). But the reasonableness of an insurer's conduct "becomes [a question] of law only when, because there are no conflicting inferences, reasonable minds could not differ." *Id.*

The only inference based on undisputed facts is that GEICO's failure to accept McDaniel's policy limits settlement offer on or before the September 6, 2009 deadline was caused by negligence. On August 7, 2009, McDaniel's attorney Steven Nichols extended a $100,000 policy limits settlement offer with a fifteen

---

[1] The only circumstance in which even a reasonable mistake will trigger liability under the implied duty to settle is where an insurer rejects a settlement offer as a result of an erroneous belief as to the insured's coverage under the insurance policy. *See Griffin Dewatering Corp. v. Northern Ins. Co. of N.Y.*, 176 Cal. App. 4th 172, 206 n.38 (2009) ("We can think of but one possible situation where a liability insurance company might be tagged for 'tort' damages when it was reasonable, but incorrect. That is the situation where the insurance company had the chance to settle a case within policy limits, but passed up that opportunity because it incorrectly determined that there was not even any potential coverage.").

day acceptance window to GEICO's attorney Michael Griott. The parties subsequently agreed to extend the acceptance deadline to ten days following McDaniel's service of responses to outstanding interrogatories, which Nichols hand-delivered to Griott on August 27, 2009. On September 1, 2009, Griott emailed GEICO claims adjuster Aldin Buenaventura with a letter attachment indicating that Nichols had submitted the requested interrogatories and, in bold and underlined text, that "[o]ur response to Plaintiff's policy limits demand is due on or before September 11, 2009."[2]

However, Buenaventura's contemporaneous emails and notes establish that Buenaventura did not read Griott's September 1, 2009 email or the attached letter. Buenaventura was therefore unaware that the interrogatory answers had been received and deadline to accept the $100,000 settlement had begun to run. For example, in a note entry dated September 4, 2009, Buenaventura observed that McDaniel's attorney had granted an extension on his $100,000 settlement demand "until 10 days following responses to discovery," and he further noted that "the discovery responses are overdue." And, following a call on September 9, 2009 with Nichols, Buenaventura described the call in his notes as follows: "I Received

_____

[2] Griott's letter erroneously calculated the settlement deadline. Because Nichols served McDaniel's interrogatories on August 27, 2009, the ten day window for acceptance would have expired on September 6, 2009. Since Buenaventura did not read Griott's email, Griott's miscalculation of the settlement expiration deadline is immaterial to bad faith analysis, as Buenaventura would have been unaware of the deadline even if Griott had correctly calculated it.

6

Call From P-atty Office * Sw [spoke with] Steve Nichols * . . . . Our Office Has Not Been Presented With Any Responses To Our Requests To Produce Documentation. Once We Have The Information We Will Then Be Able To Process And Evaluate All Claim. P-atty U/s [understands]." Thus, when Buenaventura attempted to accept the settlement offer on October 1, 2009, after receiving authorization from the GEICO home office that same day, he was unaware that the deadline for acceptance had already passed.

In the absence of evidence that establishes that GEICO intentionally allowed the September 6, 2009 deadline to lapse, no reasonable jury could conclude that GEICO's failure to accept the settlement offer on or before the September 6, 2009 was "a calculated gamble on which only its insured could lose." *Allen v. Allstate Ins. Co.*, 656 F.2d 487, 490 (9th Cir. 1981). Instead, the facts conclusively establish that GEICO both wanted and attempted to accept McDaniel's settlement offer, but failed to discover the September 6, 2009 deadline because of Buenaventura's negligence. But, as discussed above, an insurer's negligence is insufficient to constitute an "unreasonable refusal" to accept a settlement offer. Accordingly, no reasonable jury could conclude that GEICO unreasonably refused to settle.

Furthermore, there is no theory under which McDaniel can demonstrate that GEICO acted with the requisite degree of culpability to have unreasonably refused

7

to settle. First, although Griott was aware that the settlement deadline began to run on August 27, 2009, constructive or implied knowledge cannot supply the requisite degree of culpability to establish bad faith. *See Cal. Shoppers v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 37 (1985) (allowing an insurer's breach of contract to be established by constructive knowledge, but declining to find breach of the implied covenant of good faith and fair dealing in because "there was no direct evidence, including permissible inferences to be drawn therefrom, of a conscious decision on [the insurer]'s part to repudiate its duty to defend [the insured]"). Second, the implied duty to settle cannot be breached based on an insurer's failure "to initiate settlement discussions, or offer its policy limits, as soon as an insured's liability in excess of policy limits has become clear." *Reid v. Mercury Ins. Co.*, 220 Cal. App. 4th 262, 277 (2013). And finally, an insurer who accepts a settlement offer within the time limit imposed by the third party acts in good faith as a matter of law. *See Graciano*, 231 Cal. App. 4th at 435. McDaniel therefore cannot argue that GEICO should have accepted the settlement offer before the deadline that McDaniel herself imposed, or that GEICO's failure to accept the settlement offer before the deadline passed was caused by anything more than negligence.

In sum, we conclude that GEICO is entitled to summary judgment on McDaniel's breach of the implied duty to settle claim, as no reasonable jury could conclude that GEICO "unreasonably failed to accept" McDaniel's settlement offer.

8

Accordingly, we reverse the district court's denial of summary judgment for GEICO, reverse the grant of summary judgment for McDaniel, vacate the judgment, and direct the district court to enter judgment in favor of GEICO.

**REVERSED.**