Filed 1/21/26  Pal v. US Bank National Association CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALOKE PAL, | |
| Plaintiff and Appellant, | G064644 |
| v. | (Super. Ct. No. 30-2021-01231249) |
| US BANK NATIONAL ASSOCIATION, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Nathan T. Vu, Judge. Reversed and remanded. Appellant's Request for Judicial Notice. Denied.

Aloke Pal, in pro. per., for Plaintiff and Appellant.

Polsinelli and Garrick P. Vanderfin for Defendant and Respondent.

Plaintiff Aloke Pal, a self-represented party, appeals the trial court's order sustaining, without leave to amend, the demurrer filed by defendant US Bank National Association (originally sued as US Bank N.A.) to plaintiff's first amended complaint (FAC). Plaintiff also appeals the court's order denying plaintiff's motion to set aside the resulting judgment of dismissal. The trial court sustained the demurrer on the grounds the FAC failed to state facts sufficient to constitute a cause of action under any legal theory and was fatally uncertain. Although we agree the FAC fails to state facts sufficient to constitute a cause of action, we conclude under the circumstances here, where the facts alleged by plaintiff may be actionable under certain legal theories not identified in the FAC, the court erred in denying plaintiff leave to amend.

We recognize neither the FAC nor the briefing is a model of clarity and commend the trial court for its patient parsing of the pleading and its detailed orders. Nevertheless, reading the FAC liberally, as we must (see *C & H. Foods Co. v. Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1062), we understand the gist of plaintiff's claims to be as follows: Plaintiff and defendant entered into a promissory note and security agreement (the loan agreement) whereby defendant loaned plaintiff money to purchase a boat, secured by the boat as collateral. Thereafter, plaintiff made his required payments under the loan agreement until defendant willfully refused to transfer title documents for the boat to the California Department of Motor Vehicles (DMV), as plaintiff repeatedly requested. Defendant's conduct caused plaintiff to suffer harm in that he was deprived of the ability to register and use the boat in California. Defendant then wrongfully repossessed the boat without prior notice to plaintiff and also seized all of plaintiff's personal property that was on the boat. The manner in which the

2

boat was repossessed was traumatic to plaintiff. Defendant also accelerated the balance owed by plaintiff under the loan, sold the boat to a third party, and filed false credit reports that caused plaintiff's credit rating to suffer and made it difficult for him to get a job.

It appears from a review of the facts alleged by plaintiff that he reasonably may be able to plead additional facts sufficient to state at least several claims for damages against defendant, including, e.g., breach of the covenant of good faith and fair dealing, conversion, and wrongful repossession. At a minimum, plaintiff should be given the opportunity to try. We therefore reverse the order sustaining the demurrer without leave to amend, vacate the judgment of dismissal, and remand to the trial court with directions to sustain the demurrer to the FAC with leave to amend. In light of this conclusion, we need not address whether the FAC was fatally uncertain or reach plaintiff's appeal of the order denying his motion to set aside the judgment.

FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

We understand the facts alleged in the FAC, as they relate to plaintiff's claims, to be as follows:

Plaintiff purchased a new fishing boat in 2018 in the state of Florida. He paid $5,000 in cash and borrowed the remainder of the purchase price from defendant pursuant to the loan agreement, in which plaintiff agreed to make 240 monthly payments beginning September 22, 2018, and granted defendant a security interest in the boat.

Plaintiff moved his boat from Florida to California in 2019 but was unable to register it with the DMV—and lawfully operate it—because

defendant willfully refused over a period of two years to provide the out of state title to the DMV, despite plaintiff's repeated requests that it do so.

As a result of defendant's refusal to provide the title to the DMV, plaintiff stopped making payments on the loan agreement in July 2021. Defendant repossessed the boat on October 30, 2021, without giving plaintiff warning. At the time of the repossession, the boat contained plaintiff's personal property, which was also seized. The individual who repossessed the boat on October 30, 2021 on behalf of the defendant behaved in a manner that was "traumatic, disturbing," and constituted "harassment."

Defendant ultimately sold the boat to a third party and thereafter made false and derogatory reports to credit agencies about plaintiff, which caused plaintiff's credit rating to deteriorate drastically and made it difficult for him to obtain a job.

Plaintiff filed his initial complaint in this action on November 15, 2021, entitled "Complaint for Unfair Business Practice." Defendant demurred to the complaint on the grounds it failed to state facts sufficient to constitute a cause of action, failed to allege or name any cause of action, and was uncertain. Plaintiff opposed the demurrer. The trial court (Hon. Stephanie George) sustained the demurrer with leave to amend on the grounds it is unclear how it was unlawful, unfair or fraudulent for defendant to have failed to send the title to the DMV and plaintiff's request for an injunction appeared to be moot.

Plaintiff filed his FAC on June 20, 2023. Defendant demurred to the FAC on the grounds of uncertainty and failure to state facts sufficient to constitute a cause of action. Plaintiff did not oppose the demurrer but apparently tried to file a motion for leave to amend the complaint, which the clerk of the court rejected. On December 19, 2023, the trial court sustained

4

the demurrer without leave to amend on both grounds asserted in the demurrer.

The court issued a detailed ruling, which stated as follows:

"The FAC alleges that Defendant has committed some acts that *might* be wrongful:

"1. Intentionally and deceitfully withholding the 'lien title' or 'lien' to Plaintiff's boat so that Plaintiff could not register the boat in California or use it legally;

"2. Removing Plaintiff's boat from his property, forcefully and violently, which was traumatic, disturbing, and harassing;

"3. Providing false financial information to the credit bureau regarding the sale of the boat; and

"4. Violating consumer financial protection agreements.

"However, the FAC does not assert any specific causes of action nor does it state any specific legal basis upon which suit could be brought. For example, while Plaintiff claims that he is protected by 'Truth in Lending discloser' and 'Consumer Rights,' he does [not] specify the laws to which he is referring.

"Further, Plaintiff fails to allege sufficient facts to show that the alleged actions were actually wrongful. For example, withholding lien title may be proper or improper depending on the context, which Plaintiff fails to provide. The same is true for taking a boat or providing financial information to a credit bureau.

"In addition, Plaintiff does not point to the specific agreements that have been violated.

"Finally, [plaintiff] requests a temporary restraining order to stop the sale of the boat, but also alleges that the bank sent him a letter stating

5

that it had sold the boat. Plaintiff appears to want the boat to be returned to him but does not clearly state that anywhere in the FAC.

"Even reading the FAC liberally, it fails to state facts sufficient to constitute any cause of action against Defendant.

"In addition, the FAC fails to plead any specific cause of action. It also is incomprehensible and fails to inform Defendant of the matters that Plaintiff is alleging and the remedies or relief that Plaintiff is seeking. In short, [defendant] cannot reasonably [be] expected to respond to the FAC.

"Finally, Plaintiff has not filed an opposition to the demurrer and has waived any arguments on the issue. (See *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 288 [failure to address or oppose issue in motion constitutes waiver of that issue]; see also *Wright v. Fireman's Fund Ins. Companies* (1992) 11 Cal.App.4th 998, 1011 ['it is clear that a defendant may waive the right to raise an issue on appeal by failing to raise the issue in the pleadings or in opposition to a . . . motion'].)"

The court entered judgment of dismissal on January 16, 2024, and defendant served plaintiff with notice of entry of judgment shortly after, on January 26, 2024.

6

Plaintiff moved to set aside the judgment of dismissal on May 30, 2024.[1] Defendant opposed the motion. The court denied the motion without prejudice on August 14, 2024 and explained its reasoning in a detailed ruling. The court noted plaintiff's moving papers were procedurally defective because they were untimely filed, but it also denied the motion on the merits.

Plaintiff appeals both the ruling on the motion to set aside the judgment and the judgment.

## DISCUSSION

### I.

### THE TRIAL COURT ERRED BY SUSTAINING THE DEMURRER WITHOUT LEAVE TO AMEND

#### A. *Standard of Review*

We review the trial court's order sustaining the demurrer de novo and its denial of leave to amend for abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) In assessing plaintiff's FAC, "[w]e are not limited to plaintiffs' theory of recovery or "'form of action'" pled in testing the sufficiency of the complaint" (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 870) but "instead must determine if the *factual* allegations of the

---

[1] At a case management conference attended by plaintiff and defendant on December 21, 2023, the trial court suggested to plaintiff he may wish to seek legal advice and consult with the court's self-help center. That was a sound suggestion. Although self-represented litigants are, like any other party, required to comply with California's procedural requirements (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247), it can be difficult for self-represented litigants to ascertain and comply with all the legal rules and requirements that govern civil pleading and litigation. Yet failure to do so can carry significant consequences: As relevant here, repeated failures to sufficiently allege facts to state a claim, particularly where a court has identified the flaws in a pleading, can fairly and properly result in a denial of further leave to amend.

complaint are adequate to state a cause of action under *any legal theory*."
(*Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 103, second italics
added.) In other words, where the demurrer is sustained on the ground that
it fails to allege sufficient facts to state a cause of action, but it appears
plaintiff may be entitled to some relief against the defendant, "'the complaint
will be held good, although the facts may not be clearly stated, or may be
intermingled with a statement of other facts irrelevant to the cause of action
shown, or although the plaintiff may demand relief to which he is not entitled
under the facts alleged.'" (*Gruenberg v. Aetna Ins. Co.* (1973) 9 Cal.3d 566,
572.) "Furthermore, we are not concerned with plaintiff's possible inability or
difficulty in proving the allegations of the complaint." (*Ibid*.)

*B. The Facts Alleged by Plaintiff May Give Rise to Actionable Claims for
Damages Under California Law*

Having reviewed the factual allegations of plaintiff's FAC, we
conclude that, although plaintiff may not be able to state a claim for
injunctive relief to stop the sale of the boat or to compel defendant to return
it—the only form of relief he requested in the FAC—he may be able to allege
facts that, if taken as true, would be sufficient to constitute several causes of
action for damages, including, e.g., causes of action for breach of the implied
covenant of duty of good faith and fair dealing, wrongful repossession, and
conversion.[2] To be sure, plaintiff's FAC does not comply with the rules setting
forth the required format of a pleading—e.g., a separate heading for each

---

[2] We express no opinion whether plaintiff will be able to
successfully allege all elements of any of these (or any other) causes of action,
so as to withstand any further demurrer. We also express no opinion on
whether plaintiff ultimately will be able to prove any claim he may properly
allege.

cause of action followed by numbered paragraphs containing a concise statement of all factual allegations necessary to state all the elements of that cause of action. (Cal. Rules of Court, rule 2.112 ["Each separately stated cause of action . . . must specifically state: [¶] (1) Its number (e.g., 'first cause of action'); [¶] (2) Its nature (e.g., 'for fraud'); [¶] (3) The party asserting it if more than one party is represented on the pleading (e.g., 'by plaintiff Jones'); and [¶] (4) The party or parties to whom it is directed (e.g., 'against defendant Smith')"]; Code Civ. Proc., § 425.10, subd. (a)(1) [complaint must contain a statement of facts constituting a cause of action "in ordinary and concise language"].) And plaintiff has not alleged he suffered damages as a result of defendant's conduct or included a prayer for such relief. But such defects could be cured by amendment.

The critical point is that, even though it is in some respects difficult to follow, plaintiff's FAC does allege wrongful conduct by defendant that the trial court was required to assume to be true for purposes of ruling

on the demurrer—whether or not plaintiff filed an opposition to the demurrer or sought leave to amend its pleading.[3]

1. Breach of the Implied Covenant of Good Faith and Fair Dealing

Under California law, "[t]here is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." (*Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 658.) The implied covenant cannot contradict the express terms of a contract. (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 374.)

The elements of a claim for breach of the implied covenant of good faith and fair dealing are: (1) the existence of a contract; (2) plaintiff did all, or substantially all, of the things the contract required him to do; (3) defendant prevented plaintiff from receiving the benefits under the contract; (4) defendant did not act fairly and in good faith in doing so; and (5) plaintiff was harmed as a result of defendant's conduct. (CACI No. 325.) "'The issue of whether the implied covenant of good faith and fair dealing has been breached is ordinarily "a question of fact unless only one inference [can] be

[3] After entering judgment, the trial court noted plaintiff had attempted to file a motion for leave to amend his FAC more than six weeks before the hearing on the demurrer, but the papers were rejected by the court clerk. Whether plaintiff then "abandoned" his effort to seek leave to amend, as the court suggested, is irrelevant for our purposes. Where there is a reasonable possibility a defect in the complaint can be cured by amendment, as we have concluded here, the court's order denying leave to amend is reviewable even though plaintiff did not expressly request leave to amend. (See *Friends of Shingle Springs Interchange, Inc. v. County of El Dorado* (2011) 200 Cal.App.4th 1470, 1485.)

drawn from the evidence.""" (*Moore v. Wells Fargo Bank, N.A.* (2019) 39 Cal.App.5th 280, 292.)

Here, plaintiff alleged the existence of a contract with defendant and that defendant willfully refused to provide the DMV with the title to the boat for nearly two years despite repeated requests, which caused plaintiff to be unable to use the boat. Plaintiff also alleged he stopped making payments on the loan because of defendant's failure to provide the title, defendant repossessed and sold the boat and then made false reports to credit agencies, which caused plaintiff to suffer harm in the form of loss of use of the boat and damage to his credit rating. Although plaintiff did not allege defendant's failure to provide the title was a material breach of the loan agreement that excused plaintiff from his obligation to make payments thereunder, that allegation could be made by amendment and the issue of whether a breach of a contract by one party is sufficiently material to excuse the other party's performance is normally a question of fact. (See *Brown v. Grimes* (2011) 192 Cal.App.4th 265, 277.)

2.  Wrongful Repossession/Conversion of Boat

If plaintiff can allege defendant breached the implied covenant of good faith and fair dealing and plaintiff was excused from his obligation to continue to make payments on the loan due to defendant's material breach, defendant's repossession of the boat may be actionable as wrongful repossession or conversion. (See, e.g., Civ. Code, § 2983.3, subd. (a)(1) [automobile lienholder may not repossess in the absence of default in the performance of buyer's obligations under the contract]; *Voris v. Lampert* (2019) 7 Cal.5th 1141, 1150 ["tort [of conversion] comprises three elements: '(a) plaintiff's ownership or right to possession of personal property, (b) defendant's disposition of property in a manner inconsistent with plaintiff's

11

property rights, and (c) resulting damages'"]; CACI No. 2100 [elements of a claim for conversion].)

### 3. Conversion of Personal Property

Plaintiff has alleged defendant's agent who repossessed the boat also took plaintiff's personal belongings without his knowledge and presumably without his consent. This may constitute conversion. (*Voris v. Lampert, supra,* 7 Cal.5th at p. 1150.)[4]

### II.

### PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IS DENIED

In conjunction with his appeal, Plaintiff filed a request for judicial notice, which he labeled a motion. It consists of plaintiff's response to certain arguments made by defendant in its responsive brief, a request for sanctions against defendant, and a request for judicial notice of the registration notice from the DMV regarding the boat's trailer. The latter does not appear to have been part of the record considered by the trial court when it ruled on the demurrer to the FAC, and it is not relevant to our decision. Plaintiff has not established matters properly subject to judicial notice or any basis to award sanctions against defendant. The request for judicial notice is denied.

### III.

### PLAINTIFF'S MOTION TO SET ASIDE THE JUDGMENT

Following entry of judgment of dismissal, plaintiff moved to set aside the judgment pursuant to Code of Civil Procedure section 473,

---

[4] In light of our conclusion the demurrer should have been sustained with leave to amend for failure to state facts sufficient to constitute a cause of action, we need not address whether the FAC was uncertain within the meaning of Code of Civil Procedure section 430.10, subdivision (f).

12

subdivision (b).[5] Pursuant to that section, the trial court has discretion to "relieve a party or [his or her] legal representative from a judgment, dismissal, order, or other proceeding taken against [him or her] through [his or her] mistake, inadvertence, surprise, or excusable neglect." (Code Civ. Proc., § 473, subd. (b).) The court denied the motion.

In light of our reversal of the judgment of dismissal, we need not address plaintiff's appeal of the order denying his motion to set aside the judgment.

---

[5] Plaintiff also cited Code of Civil Procedure sections 473, subdivision (d) and 473.5, but the trial court found these sections inapplicable and denied the motion to the extent it attempted to invoke them. Section 473, subdivision (d) permits a trial court to correct clerical mistakes in its judgment or orders or set aside a void judgment or order, and section 473.5 allows the court to set aside a default judgment for improper service of process, neither of which is applicable here.

## DISPOSITION

The judgment of dismissal is reversed and remanded. The trial court is directed to enter an order sustaining the demurrer to plaintiff's first amended complaint with leave to amend. In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

GOODING, ACTING P. J.

WE CONCUR:

SCOTT, J.

BANCROFT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.